541 So.2d 724 (1989)
Michael L. COLVIN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-01706.
District Court of Appeal of Florida, Second District.
April 5, 1989.
James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Acting Chief Judge.
Michael Colvin appeals his convictions and sentences for robbery with a firearm and aggravated battery. He argues that the trial court erred in denying his motion for discharge. We agree and reverse.
On October 9, 1980, the state charged Colvin with robbery with a firearm and aggravated battery allegedly committed on September 12, 1980. A capias was issued but Colvin was not arrested until January 27, 1987. On March 23, 1987, Colvin moved for discharge alleging that prosecution was barred by the statute of limitations, and that his constitutional right to a speedy trial had been violated. The trial court denied that motion and a subsequent amended motion. Colvin pled nolo contendere, reserving the right to appeal the denial of the motions, which were stipulated to be dispositive. Colvin was sentenced to five and one-half years in prison.
Once the jurisdiction of the court was challenged by the raising of the statute of limitations, it became the state's burden to establish that the offense was not barred by the statute of limitations. State v. King, 282 So.2d 162 (Fla. 1973); Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988). In this case, the state failed to carry its burden.
A prosecution for robbery with a firearm must begin within four years after the date of the alleged offense, section 775.15(2)(a), Florida Statutes (1979), and prosecution for aggravated battery within three years. § 775.15(2)(b), Fla. Stat. (1979). Section 775.15(5) provides:
A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered.
(Emphasis supplied).
The state filed the information well within the limitations period but failed to serve Colvin for more than six years. The only evidence offered to explain this unreasonable delay was that Colvin's last name had been misspelled in the computer and the initial capias had been served on another person. One officer speculated, without proof, that Colvin had fled to Chicago.
*725 Furthermore, the state was aware of Colvin's whereabouts. While the capias was outstanding, he was under the supervision of the Salvation Army for misdemeanor charges and was twice arrested and booked into jail. The Salvation Army had Colvin's address and place of employment. A state witness was also aware of Colvin's residence, but was never asked. She testified in deposition that Colvin lived with her for four and one-half years of the six years the capias was outstanding.
In State v. Fields, 505 So.2d 1336 (Fla. 1987), the supreme court found that the word "executed" as used in section 775.15(5) means service upon the defendant. The court upheld the appellate court's ruling that the delay in service was unreasonable because the state knew the defendant's address and did not serve him until three years and eight months after filing the information. See also Gunn v. State, 519 So.2d 1128 (Fla. 5th DCA 1988).
In this case, the capias was executed more than six years after the offenses were committed. The state offered no credible reason for the delay. Accordingly, we reverse the order denying Colvin's motions and remand with instructions that he be discharged.
Reversed.
PATTERSON and ALTENBERND, JJ., concur.