581 So.2d 641 (1991)
STATE of Florida, Appellant,
v.
Carey D. MILLER, Appellee.
No. 90-02231.
District Court of Appeal of Florida, Second District.
June 14, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellee.
SCHOONOVER, Chief Judge.
The State of Florida has appealed a trial court order dismissing an information filed against the appellee, Carey D. Miller, who alleged that the statute of limitations prohibited the state from proceeding against him. We affirm.
On January 3, 1985, the state filed a four count information charging the appellee with sale of diazepam, possession of diazepam, sale of marijuana, and possession of marijuana. The crimes were allegedly committed on March 15, 1984. A capias for the appellee's arrest was issued on January *642 25, 1985, but the appellee was not arrested until September 21, 1989.
The appellee filed a motion to dismiss the charges against him on the basis of section 775.15(2)(b), Florida Statutes (1983), which requires the state to commence a prosecution for a third degree felony within three years of the offense. At the conclusion of the hearing on the appellee's motion, the trial court granted the motion, and the state filed a timely notice of appeal from the order discharging the appellee.
Although the state filed an information against the appellee within three years of the alleged offenses, the mere filing of an information does not commence a prosecution. A prosecution is not commenced by filing an information unless a capias is issued and executed without unreasonable delay. § 775.15(5). In this case, the trial court properly determined that there was an unreasonable delay in executing the capias.
In determining what is reasonable, the inability to locate a defendant after diligent search or the defendant's absence from the state shall be considered. § 775.15(5). At the hearing on the appellee's motion to dismiss, the state did not seriously contend that it had made a diligent search for the appellee, and the evidence would not have supported such a finding. The state did, however, contend that it established that the appellee was out of the state of Florida for at least a portion of the time, and therefore, the delay was not unreasonable. We disagree.
Once the jurisdiction of the court is challenged by the raising of the statute of limitations, the state has the burden of establishing that the offense is not barred by the statute. Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988) (prosecution for escape was barred by statute of limitations where state offered no evidence to explain four year delay in executing capias, or that state made any search for the defendant, and only evidence offered was that defendant was in another state for an unspecified period of time). The state, in this case, presented evidence that the appellee was in Indiana for a few months in 1986. Assuming that this evidence was sufficient to shift the burden to the appellee, as it would if the speedy trial rule was at issue, State v. Antonietti, 558 So.2d 192 (Fla. 4th DCA 1990), the appellee met his burden. At the time the appellee left the state of Florida, there were no charges pending against him and no reason requiring him to stay in Florida. As soon as he was notified of the charges by Indiana officials, he waived extradition and agreed to return to Florida. Florida refused to go to Indiana and pick him up, and therefore, he was released by Indiana officials. Neither the appellee's absence from the state, nor his conduct prevented the state from commencing the prosecution within three years of the offenses.
Absence from the state can certainly cause the state problems in commencing a prosecution, affording a speedy trial, or affording due process to litigants, see Fleming, Antonietti, Friday v. Newman, 183 So.2d 25 (Fla. 2d DCA 1966), and when the absence is the fault of the defendant, the relative time periods are tolled. When, however, the absence from the state is not the fault of the defendant and does not result in preventing prosecution, the time periods of statutes of limitations are not tolled. Walker v. State, 281 So.2d 41 (Fla. 2d DCA 1973), cert. denied, 289 So.2d 739 (Fla. 1974). See also Mishan v. Crews, 363 So.2d 1178 (Fla. 1st DCA 1978); Fleming; Friday.
The trial court, accordingly, properly dismissed the charges against the appellee, and we affirm.
Affirmed.
SCHEB and DANAHY, JJ., concur.