QUINCE, Judge.
Appellant, James T. Salter, appeals the trial court’s denial of his motion to dismiss. We reverse because the applicable statute of limitations had expired.
Appellant was charged by information on March 2, 1989, with grand theft which oc *1229 curred on October 23, 1988. A capias was issued on March 2, 1989, but appellant was not arrested until December 20, 1993. A motion to dismiss was filed alleging the running of the statute of limitations. At the hearing on the motion, the state indicated an attempt was made to serve the capias on appellant at the out-of-state address on the rental ear agreement. The grand theft charge stemmed from appellant’s failure to return a rental car. The trial court denied the motion to dismiss, and appellant entered a plea of nolo contendere reserving the right to appeal the denial of the motion to dismiss.
Appellant argues the five year statute of limitations for this grand theft, which was committed on October 23, 1988, expired on October 23, 1993. He further argues the tolling provision of section 812.035(10), Florida Statutes (1993), is not applicable to this case since the crime occurred prior to the effective date of the amendment to the statute. We agree. The out-of-state tolling provision of section 812.035(10) became effective on October 1, 1992. This crime was committed in October 1988; thus, the 1987 version of the theft statute is applicable to this case. Perez v. State, 545 So.2d 1357 (Fla.1989). There was no tolling provision in the 1987 version.
The state argues, however, that a diligent attempt was made to serve appellant within the limitations period. The state issued the capias on March 2, 1989, and attempted to serve it on appellant at his out-of-state address listed on the rental ear agreement. No further action was taken. This one attempt to serve falls short of a diligent search which might justify the delay. Colvin v. State, 541 So.2d 724 (Fla. 2d DCA 1989); Walker v. State, 543 So.2d 353 (Fla. 5th DCA 1989).
We reverse appellant’s conviction and remand to the trial court with instructions to discharge appellant.
CAMPBELL, A.C.J., and THREADGILL, J., concur.