CAMPBELL, Acting Chief Judge.
Appellant, Richard Ray Arnold, appeals his judgment and sentence for grand theft. Appellant pled no contest to the charges, reserving his right to appeal the denial of his motion to dismiss. Appellant moved to dismiss the information, alleging that prosecution was barred by the applicable statute of limitation, section 812.035(10), Florida Statutes (1989) because, due to the state’s lack of a diligent search for his whereabouts, he was not served with the capias for his arrest within five years of the date of the offense. We agree with appellant that prosecution was not timely commenced and reverse.
When a defendant raises the issue of the statute of limitations as a bar to prosecution, the state has the burden of establishing that prosecution was timely commenced after diligent search for and service of process upon the defendant. State v. King, 282 So.2d 162 (Fla.1973). The record in this case shows that on July 25, 1990, appellant was charged by information in Pasco County with one count of grand theft that was allegedly committed between February 4, 1989 and August 18, 1989. A capias was issued for appellant’s arrest on July 31, 1990. The capias was received by the Pasco County Sheriffs Office (P.C.S.O.) on August 1, 1990.
Sometime thereafter, the P.C.S.O. sent a letter requesting assistance from the Her-nando Comity Sheriffs Office (H.C.S.O.) in locating appellant at his last known address in Hernando County. The P.C.S.O. records indicate that on October 19, 1990, the H.C.S.O. informed the P.C.S.O. that appellant had “moved” and no service had been effected. No evidence was presented at the hearing on appellant’s motion to dismiss as to what actions the H.C.S.O. took in trying to locate appellant or how it had been determined that he had “moved.”
The P.C.S.O. records indicate that the P.C.S.O. attempted to send another letter to appellant on December 12, 1990, that was returned by the postal service on December 14,1990, indicating that appellant had moved and left no forwarding address. The next notation in the P.C.S.O. records is on January 10,1992, and shows “no extradition from Maryland per Bruce, SAO.” The custodian of the P.C.S.O. records testified that the records showed an active warrant for appellant’s arrest, that “[w]hat we did was we removed it from the N.C.I.C. computer system and we left it in F.C.I.C. only, which basically means we will not extradite. So when he returns to Florida we will arrest him and extradite him anywhere from the State of Florida.”
Subsequently on December 8, 1995, as a result of a traffic stop in Pasco County, appellant was arrested on the basis of the outstanding capias. In 1989, on the date of appellant’s alleged offense, there was no out-of-state tolling provision to the five-year statute of limitations contained in section 812.035(10). The state argues that diligent effort was made to serve appellant. The records of the P.C.S.O. clearly demonstrate otherwise. Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995) and Salter v. State, 651 So.2d 1228 (Fla. 2d DCA 1995) are directly on point. We therefore reverse appellant’s convictions and remand with directions to discharge appellant.
PATTERSON and QUINCE, JJ., concur.