NORTHCUTT, Judge.
.Donnie Williams moved to dismiss the grand theft charge against him, on the ground that his prosecution was barred by the statute of limitations. The circuit court held a hearing on the motion, and denied it. Williams then pleaded no contest to the charge, specifically reserving his right to appeal the' circuit court’s ruling on this disposi-tive issue. We reverse and remand with directions that Williams be discharged. Our resolution of this issue obviates his other points on appeal.
At the hearing on Williams’s motion to dismiss, the parties stipulated to the pertinent facts. Williams allegedly committed grand theft in mid-August, 1989. An arrest warrant was issued on August 28, 1989; the information charging Williams with the crime was filed on November 9, 1989. The arrest warrant listed Williams’s Tennessee address, and contained a notation that the State would extradite. Williams was in and out of police custody in Tennessee between January 1989 and May 1990. The Polk County sheriffs office sent a teletype to Tennessee authorities on March 21, 1990, informing them of the felony warrant. The sheriff asked the Tennessee authorities to place a hold on Williams, and to advise whether he was to be imprisoned. The teletype indicated that Polk County wished to extradite Williams. This was the only communication between Florida and Tennessee authorities. The Polk County sheriff never received any information from Tennessee about Williams’s status, nor did anyone from the sheriff’s office attempt to follow up on the teletype. Williams was arrested in Tennessee in June 1995. He waived extradition to Florida, was sent to Polk County, and was served with the warrant for the grand theft charge on July 4, 1995.
The applicable statute of limitations requires that a prosecution for grand theft be commenced within five years. § 812.035(10), Fla. Stat. (1989) (“a criminal proceeding ... may be commenced at any time within five years after the cause of action accrues.”). A prosecution is commenced when an information is filed, provided the capias or other process issued is executed without unreasonable delay. § 775.15(5), Fla. Stat. (1989). It is undisputed that the information against Williams was filed within the limitations period. The issue before the circuit court was whether the State’s failure to serve Williams with process for more than five and one-half *898 years constituted unreasonable delay.[1] At the hearing, the judge posed many questions to the State about its failure to follow up with Tennessee authorities, but he eventually determined that the State had acted with due diligence and that, therefore, the delay in serving Williams with process was not unreasonable.
Several weeks before the hearing on Williams’s motion, we issued our decision in Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995). We assume that both parties were unaware of this very recent opinion because neither brought it to the attention of the circuit court. Brown addressed a similar factual situation, and it answered many of the questions the circuit court posed at the hearing in this case. It mandates reversal of the circuit court’s finding that the State acted with due diligence.
Brown, like Williams, was imprisoned out-of-state when the information against him was filed and the capias issued. We held that the statute of limitations continues to run when an accused is imprisoned in another state. We recognized that our decision in that case “plaee[d] a burden on the state to monitor the limitations period and to extradite a defendant when necessary to avoid having a prosecution barred by the statute of limitations.” 674 So.2d at 741. We note that, in Brown, the State decided not to extradite the accused or to place a detainer on him. While the evidence here showed that the Polk County authorities asked Tennessee authorities to detain Williams, they never determined whether the hold had actually been placed. As we explained in Brown, due diligence requires monitoring the accused’s status while he is in custody out of Florida. Moreover, Polk County made no attempt to serve Williams at his address in Tennessee.
Process was not served on Williams “without unreasonable delay.” § 775.15(5), Fla. Stat. (1989). The case against him must be dismissed for failure to commence prosecution within the statutory limitations period.
Reversed and remanded with directions.
BLUE, A.C.J., and WHATLEY, J., concur.

. Section 775.15(6), Florida Statutes (1989), which provides that the limitations period may be tolled if the defendant is continually absent from the state, does not apply to this case because the crime charged was grand theft. See State v. Guthrie, 567 So.2d 544, 545 (Fla. 2d DCA 1990). Section 812.035(10), Florida Statutes, the grand theft statute of limitations, was amended in 1992 to add a similar tolling provision. But that provision does not apply to crimes committed in 1989. See Arnold v. State, 689 So.2d 1234 (Fla. 2d DCA 1997).