PER CURIAM.
Lawrence E. Cowan appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Cowan raises three claims in his motion. We affirm without discussion the trial court’s denial of two of them. We reverse the trial court’s denial of Cowan’s claim that his counsel was ineffective for failing to seek Cowan’s discharge based on the running of the statute of limitations.
Cowan was convicted of the sale and possession of cocaine occurring on April 6 and 11, 1989. Section 775.15(2)(b), Florida Statutes (1989), requires prosecution for second-degree felonies to be commenced within three years of commission of the offense. Under section 775.15(5), a prosecution is commenced when an information is filed if the capias or other process is executed without unreasonable delay.
A capias was issued for Cowan’s arrest on July 20, 1989. Cowan was not served with the capias, however, until November 20, 1993. Cowan states in his motion that he was arrested in Michigan in October 1991. He asserts that the State of Florida knew of his whereabouts but simply chose not to bring him to trial.
The trial court denied relief, finding that a hold had been placed on Cowan in Michigan on October 4, 1993. Based on this information, the trial court concluded Co-wan was absent from Florida for at least two years before he was served with the warrant. The court found that Cowan was timely charged by indictment, but not arrested within three years, due to his absence from the State. Citing to section 775.15(5)(b), Florida Statutes (1999), the court concluded that failure to execute process on or extradite a defendant who has been charged by information did not constitute an unreasonable delay. That statutory provision states, in relevant part, “[t]he failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.”
We conclude, that the 1999 version of section 775.15(5)(b) does not apply to Cowan’s case. In Brown v. State, 674 So.2d 738, 740 n. 1 (Fla. 2d DCA 1995), this court held the “statutes of limitation that apply are those that were in effect at the time of the incidents giving rise to the criminal charges.” Section 775.15(5) is *369 part of section 775.15(3), which provides the three-year statute of limitation for Co-wan’s crimes. Therefore, the 1989 version of section 775.15(5) applies to Cowan because the “incidents giving rise to the criminal charges” against him occurred in 1989.
The 1989 version of section 775.15(5) does not contain the provision relied upon the trial court in denying relief.[1] Instead, the 1989 version states, in relevant part:
prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered.
§ 775.15(5).
Under the 1989 version of the statute, a factual question is presented as to whether the State executed the capias “without unreasonable delay.” In Brown, this court held that, under a pre-1997 version of section 775.15(5) “a defendant’s out-of-state incarceration on an unrelated offense does not toll the statute of limitations, nor does it suspend the requirement that the capias, summons or other process issued on an indictment or information be executed without unreasonable delay.” 674 So.2d at 742.
If the State did not act “without unreasonable delay” in serving the capias on Cowan, as he alleges, he would have been entitled to discharge. See State v. Miller, 581 So.2d 641 (Fla. 2d DCA 1991)(holding when absence from Florida is not the fault of defendant and does not result in preventing prosecution, time periods of statutes of limitations are not tolled); Lucas v. State, 718 So.2d 905 (Fla. 3d DCA 1998) (granting petition for writ of prohibition and ordering defendant discharged where State’s efforts to execute capias were not diligent). He accordingly would have been prejudiced by his attorney’s failure to file a petition for writ of prohibition. Cowan therefore has stated a facially sufficient claim for relief under rule 3.850 that is not rebutted by the trial court’s attachments.
We accordingly reverse as to this claim only. On remand, the trial court shall either attach those portions of the record that refute Cowan’s claim or, if there are none, conduct an evidentiary hearing on the issue of whether counsel was ineffective for failing to seek Cowan’s discharge based on the State’s alleged failure to act “without unreasonable delay” in serving the capias on Cowan.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and NORTHCUTT and CASANUEVA, JJ„ Concur.

. The provision relied on by the trial court was enacted by Chapter 97-90, Laws of Florida, which became effective July 1, 1997.