759 So.2d 728 (2000)
STATE of Florida, Appellant,
v.
Salim Youssef SHAMY, Appellee.
No. 4D99-2185.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
*729 Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellant.
Michael E. Dutko of Bogenschutz & Dutko, P.A., Fort Lauderdale, for appellee.
POLEN, J.
The state appeals from an order which dismissed its information against Shamy based upon the prosecution being beyond the statute of limitations. It argues that, under section 775.15(5), Florida Statutes (1997), no unreasonable delay occurred. We are unpersuaded by the merits of its argument and, thus, affirm.
On September 21, 1990, the state filed an information charging Shamy with grand theft of $20,000 worth of jewelry. The record reflects that the state previously ascertained Shamy's whereabouts in New Jersey and spoke to him by telephone, but never made any effort to extradite him or otherwise bring him to Florida to stand trial. On August 24, 1998, Shamy was arrested by the United States Customs Service on the outstanding warrant for this charge as he returned into the country.
On May 4, 1999, Shamy filed a motion to dismiss the information. He claimed that the eight-year lapse between the filing of the information and his arrest constituted an unreasonable delay. Following a hearing, the trial court granted the motion. It found that "the whereabouts of the Defendant were at all times easily ascertainable and that the delay in prosecuting the Defendant was unreasonable. The statute of limitations for the charged offense has expired."
The statute of limitation that applies to the charge filed against Shamy provides that prosecution must be "commenced" within five years. § 812.035(10), Fla. Stat. (1989). Section 775.15(5), Florida Statutes (1989), provides that a prosecution is commenced when "either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." § 775.15(5), Fla. Stat. (1989). Thus, the filing of an information and the issuance of a capias do not, alone, commence prosecution; rather, the capias must also be executed without unreasonable delay. See Brown v. State, 674 So.2d 738, 741 (Fla. 2d DCA 1995) (citation omitted).
The question in this case is whether the capias was "executed without unreasonable delay." In determining what is reasonable, courts should consider the state's inability to locate the defendant after diligent search or the defendant's absence from the state. § 775.15(5), Fla. Stat. (1989). The burden is on the state to demonstrate that the delay was not unreasonable. Brown, 674 So.2d at 741 (citing State v. King, 282 So.2d 162 (Fla.1973)). Overall, courts must determine on a case-by-case basis whether the state was diligent in its efforts to execute a capias in order to bring a defendant before the court within the statutory limit. Id.
In this case, our review of the record shows that the court considered the factors set forth in section 775.15(5) before dismissing the information. Specifically, the record demonstrates that, even though it knew of Shamy's whereabouts, the state made no efforts to locate him. Moreover, the state failed to show that it was otherwise prevented from executing process at any time within the statutory limit. As such, we conclude the court did not err in determining the eight-year delay was unreasonable. See State v. Fields, 505 So.2d 1336 (Fla.1987)(holding three and one-half year delay to serve capias was unreasonable *730 where the state knew where defendant was residing for previous five years but made no attempt to execute capias); Colvin v. State, 541 So.2d 724 (Fla. 2d DCA 1989)(holding six-year delay in serving capias was unreasonable where the state knew of defendant's whereabouts).
The state, however, contends that the 1997 amended version of section 775.15(5) applies here retroactively.[1] The 1997 amendment to section 775.15(5), in addition to the above-quoted language requiring execution "without unreasonable delay," added that "failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in the state shall not constitute an unreasonable delay." § 775.15(5), Fla. Stat. (1997). The state maintains that, under this amendment, the statute was effectively tolled while Shamy remained outside the state.
We disagree that this amendment applies retroactively. Statutes of limitations, as a general rule, affect substantive rights. See Brown, 674 So.2d at 741 (holding the defendant may not be deprived of the benefit of the statute of limitations). Statutes which affect substantive rights are presumed to operate prospectively absent clear legislative intent to the contrary. State v. Lavazzoli, 434 So.2d 321, 323 (Fla.1983). Here, under sections 812.035(10) and 775.15(5), Florida Statutes (1989),[2] Shamy's right to be protected from prosecution vested before the amendment became effective. See Brown, 674 So.2d at 741 (holding protection from prosecution after the statute of limitations expires is a substantive right) (citing State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla.1974)). Although we disagree with the state's interpretation of the amendment, we hold that following it would destroy Shamy's substantive right by subjecting him to prosecution. Thus, and because there is no clear legislative intent to retroactively apply the amendment, we hold the same does not apply.
Because we hold the amendment should not apply retroactively to Shamy's case, we decline to address whether under the amendment, the state is not obligated to conduct a diligent search while a defendant remains out of state, or whether the state's actual knowledge of his whereabouts should be considered.
AFFIRMED.
DELL and STONE, JJ., concur.
NOTES
[1] We note that the state's brief does not dispute that we should affirm the dismissal if the 1997 amendment is not applicable. See Brown, 674 So.2d 738.
[2] The statute of limitations that applies in a criminal case is the one that was in effect at the time of the incidents giving rise to the charges. Brown, 674 So.2d at 740 n. 1 (citing State v. Mack, 637 So.2d 18 (Fla. 4th DCA 1994)).