837 So.2d 614 (2003)
Thomas LETT, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D03-132.
District Court of Appeal of Florida, Fourth District.
February 21, 2003.
*615 Carey Haughwout, Public Defender, Steven Malone and Thomas Mahoney, Assistant Public Defenders, West Palm Beach, for petitioner.
Charlie Crist, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
Petitioner was charged with sexual battery committed in February, 1980, but before he was arrested he was convicted and incarcerated in Maryland for over twenty years. He seeks a writ of prohibition to prevent Florida from now prosecuting him because the statute of limitations has run. We grant the writ.
After the information was filed and warrant issued in 1980, Florida had the Maryland Department of Corrections place a detainer on petitioner, but did not seek extradition. The warrant was not served on petitioner until his release in 2002.
The applicable statute of limitations, section 775.15, Florida Statutes (1979), required prosecution to be commenced within three years of the commission of this second degree felony. § 775.15(2)(b), Fla. Stat. (1979). That period could have been extended a maximum of three years if the defendant was continuously absent from the state. § 775.15(6), Fla. Stat. (1979).[1]
A prosecution is commenced, for purposes of the statute of limitations, "when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." § 775.15(5), Fla. Stat. (1979). An unexcused delay in serving the appropriate process until after the statute of limitations has run bars prosecution for the offenses charged. Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995)(finding that statute of limitations continues to run even while defendant is in the custody of another sovereign). The trial court concluded that the delay in executing the warrant was reasonable.
In State v. Shamy, 759 So.2d 728 (Fla. 4th DCA 2000), Florida knew the defendant was imprisoned in New Jersey, but, during an eight-year incarceration, did not attempt to execute process. The trial court held that the eight-year delay was unreasonable, and this court affirmed. See also State v. Fields, 505 So.2d 1336 (Fla. 1987); Colvin v. State, 541 So.2d 724 (Fla. 2d DCA 1989).
The filing of a detainer, which merely advises prison officials that a prisoner has other charges and requests notice of the prisoner's release, is not the equivalent of the process contemplated by section 775.15(5). Gethers v. State, 798 So.2d 829 (Fla. 4th DCA 2001) and cases cited. The only issue in this case, accordingly, is whether the twenty year delay is reasonable. We conclude that it is not. In Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995), the court, holding that the *616 statute of limitations is not tolled when a defendant is incarcerated out of state, explained:
We recognize that our decision places a burden on the state to monitor the limitations period and to extradite a defendant when necessary to avoid having a prosecution barred by a statute of limitations. We do not find this to be an inappropriate burden. Nor do we find it to be an unreasonable burden given the ability of the state to obtain a defendant from the custody of either another state or the federal authorities pursuant to the Interstate Agreement on Detainers Act. See § 941.45, Fla. Stat. (1993); 18 U.S.C.App. 2, § 1 et seq.
Id. at 741-42 (footnotes omitted).
We therefore grant the writ.
POLEN, C.J., and SHAHOOD, J., concur.
NOTES
[1] In 1997 the statute was amended to excuse the failure to execute process on or extradite a defendant in another state. § 775.15(5), Fla. Stat. (1997). That amendment is not applicable. State v. Shamy, 759 So.2d 728 (Fla. 4th DCA 2000)(the statute of limitations applicable is the one in effect when the crime was committed).