GRIFFIN, J.
Saboor Adib Abdullah [“Abdullah”] appeals the denial of his motion to suppress. We affirm.
On January 19, 2003, Abdullah was stopped by an Orange County deputy for riding his bicycle at night without a light. A radio check revealed that Abdullah had an outstanding 1993 warrant for petit theft. He was arrested. During a search incident to the arrest, crack cocaine and drug paraphernalia were found in his pockets.
Abdullah was charged with possession of cocaine and possession of drug paraphernalia. He filed a motion to suppress, arguing that his arrest was illegal because prosecution for the 1993 offense had not “commenced” within the time limitations set forth in section 775.15(2), Florida Statutes (2003), which states that “[a] prosecution for a misdemeanor of the first degree must be commenced within two years after it is committed,” and “[a] prosecution for a misdemeanor of the second degree must be commenced within one year after it is committed.” See § 775.15(2)(c) & (d), Fla. Stat. (2003). The trial court denied the motion to suppress, ruling that the 1993 prosecution for petit theft had been timely “commenced” against Abdullah by the filing of the information in November 1993. In so holding, the court apparently relied on an amended version of section 775.15, Florida Statutes (2003), which provides that “[pjrosecution on a charge on which the defendant has previously been arrested or served with a summons is commenced by the filing of an indictment, information, or other charging document.” § 775.15(5)(a), Fla. Stat. (2003). Following the denial of his motion to suppress, Ab-dullah pled guilty, reserving the right to appeal.
The trial court was in error in holding that prosecution of Abdullah for the petit theft had been timely “commenced” within the meaning of the statute of limitations. Applicable statutes of limitation are the ones in effect at the time of the acts giving rise to the criminal charges. See State v. Shamy, 759 So.2d 728 (Fla. 4th DCA 2000); Brown v. State, 674 So.2d 738, 739, n. 1 (Fla. 2d DCA 1995). Regarding “commencement” of prosecution, the 1993 statute provided:
(5) A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered. If, however, an indictment or information has been filed within the time period prescribed in this section and the indictment or information is dismissed or set aside because of a defect in its content or form after the time period has elapsed, the period for commencing prosecution shall be extended 3 months from the time the indictment or information is dismissed or set aside.
Id. (emphasis added).
Under this version of the statute,
the filing of an information and the issuance of a capias do not, alone, commence prosecution. The capias must also be executed without unreasonable delay. State v. Miller, 581 So.2d 641 (Fla. 2d DCA), review dismissed, 584 So.2d 999 (Fla.1991). The word “executed” means completion of service on the defendant.
Brown, 674 So.2d at 740. Here, there is no evidence that “process” of any kind was issued following Abdullah’s arrest, which was necessary to “commence” prosecution of the petit theft under the 1993 version of the statute. See State v. Parks, 866 So.2d *845 172 (Fla. 2d DCA 2004); Sutton v. State, 784 So.2d 1239 (Fla. 2d DCA 2001); State v. Watkins, 685 So.2d 1322 (Fla. 2d DCA 1996).[1]
Although prosecution of Abdullah for the 1993 petit theft is barred by the statute of limitations, it does not follow that Abdullah’s arrest for that offense was illegal. The 1993 warrant involved in this case was plainly valid, as was Abdullah’s arrest, even though he had a defense to prosecution of the petit theft — that it was barred by the statute of limitations. See United States v. Causey, 834 F.2d 1179 (5th Cir.1987); Erfani v. Bishop, 251 Ga.App. 20, 553 S.E.2d 326 (2001). The deputy was not required to address legal questions, such as whether prosecution of the underlying offense was barred by the statute of limitations, before effectuating the arrest. As the court explained in Pickens v. Hollowell, 59 F.3d 1203 (11th Cir.1995)
[PJolice officers have no responsibility to determine the viability of a statute of limitations defense when executing a valid arrest warrant. The existence of a statute of limitations bar is a legal question that is appropriately evaluated by the district attorney or by a court after a prosecution is begun, not by police officers executing an arrest warrant. Our conclusion to that effect is reinforced by the knowledge that whether a valid statute of limitations defense exists is not a cut and dry matter. For example, the statute of limitations for a criminal proceeding in Georgia is tolled during the time the “accused is not usually and publicly a resident within” Georgia. Ga.Code Ann. § 17-3-2(1) (Michie 1990);
see Danuel v. State, 262 Ga. 349, 418 S.E.2d 45 (1992). An arresting officer is not in a position to make that type of determination, nor is he required to know the law relating to statute of limitations issues.
Id. at 1207-08.
This case does not involve prosecutorial or court “error,” like that involved in Arizona v. Evans, 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995); Shadler v. State, 761 So.2d 279 (Fla.2000); and State v. White, 660 So.2d 664 (Fla.1995). Abdullah argues that some state actor was required to purge this warrant from their system, but fails to cite any authority for this proposition. Indeed, it is difficult to see how either the police, prosecutor, or the courts could accomplish this task without knowledge of the facts relating to the defense, such as the facts behind Abdullah’s non-appearance. Consequently, we conclude that the trial court properly refused to suppress contraband seized incident to Abdullah’s arrest.[2]
AFFIRMED.
THOMPSON and ORFINGER, JJ„ concur.

. The offense seemingly has a five-year limitations period, rather than the one or two year period cited by the parties. See § 812.035(10), Fla. Stat. (1993); State v. Telesz, 873 So.2d 1236 (Fla. 2d DCA 2004). However, prosecution was not commenced by the expiration of the extended limitations period.

. We find no merit to the State’s "inevitable discovery” argument under the present facts.