945 So.2d 654 (2007)
Steven CICILIAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-3670.
District Court of Appeal of Florida, Fourth District.
January 10, 2007.
Carey Haughwout, Public Defender, and Daniel Cohen and Daniel Marshall, Assistant Public Defenders, West Palm Beach, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
Petitioner was arrested and charged with misdemeanor DUI in February, 1999, but failed to appear in court, and a capias *655 was issued for his arrest. The capias was not served on him, however, until April, 2006. The state then charged petitioner with felony DUI, based on the February, 1999 incident and three prior DUI's. Petitioner moved to dismiss the felony DUI charge on the ground that the statute of limitations had run, but the court denied the motion. We grant his petition for writ of prohibition.
The period of limitations for prosecution of felony DUI, a third degree felony, is three years from the date of the offense. §§ 775.15(2)(b), (4)(a), Fla. Stat. (1999). The trial court determined that the information charging petitioner with a felony, filed in May 2006, charged the same crime as the 1999 misdemeanor. The court reasoned, incorrectly, that the felony charge was not a different crime, but merely an enhancement for purposes of sentencing.
In State v. Woodruff, 676 So.2d 975, 977 (Fla.1996), our supreme court held:
We reject the district court of appeal's determination that the only difference between the two offenses is the severity of punishment. Felony DUI requires proof of an additional element that misdemeanor DUI does not: the existence of three or more prior misdemeanor DUI convictions. . . . Felony DUI is therefore a completely separate offense from misdemeanor DUI, not simply a penalty enhancement.
Petitioner's motion to dismiss should have been granted because the statute of limitations had run on the felony DUI. We accordingly grant the petition.
STEVENSON, C.J. and TAYLOR, JJ., concur.