MAASS, ELIZABETH T., Associate Judge.
The state appeals a final order granting Toni Paulk’s motion to dismiss on statute of limitation grounds, contending prosecution was timely commenced. We agree, and reverse.
On December 5, 2001, Paulk was charged by information with grand theft under section 812.014, Florida Statutes (2000), based on an incident alleged to have occurred February 25, 2000. She was incarcerated in New Jersey on an unrelated offense from May 3, 2002 to September 26, 2005. She was arrested on the grand theft charge September 29, 2005, after returning to Florida. On November 9, 2005, she filed a motion to dismiss, arguing that prosecution had not commenced within the statutory five year limitations period. The trial court granted the motion, relying on Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995), which held that an out-of-state incarceration on an unrelated offense did not excuse a failure to commence prosecution prior to expira *1231 tion of the statute of limitations or toll its running.
Whether the statute of limitations has run prior to commencement of prosecution requires the computation of two dates: the date the statute of limitations expired and the date prosecution commenced. Section 812.035(10), Florida Statutes (2000), established a five year limitations period for grand theft but tolled its running “during any time when the defendant is continuously absent from the state ... but in no case shall this extend the period of limitation otherwise applicable by more than 1 year.” Here, the statute of limitations expired no earlier than February 25, 2006, because the five year limitations period was tolled for one year due to Paulk’s New Jersey incarceration.
Section 775.15(5)(b) provides that prosecution commences when an information is filed, “provided ... process issued ... is executed without unreasonable delay. ... The failure to execute process on or extradite a defendant in another state who has been charged by information ... with a crime in this state shall not constitute an unreasonable delay.” Under this statute, prosecution is deemed to have commenced even if a defendant has not been served with process before the expiration of the statute of limitations provided an information or indictment has been filed and process executed “without unreasonable delay.” Delay caused by a defendant’s incarceration in another state is not unreasonable.
Section 775.15(5)(b), on its face, addresses only when prosecution is deemed to have commenced where a defendant was not served with process prior to the expiration of the statute of limitations. Here, Paulk was served with process September 29, 2005, prior to the expiration of the limitations period. Even if she had not been so served, under section 775.15(5)(b) the period of her New Jersey incarceration could not contribute to a determination that the delay was unreasonable.
Notwithstanding the clear direction of section 812.035(10), Paulk’s counsel argued to the trial court that under Brown, Paulk’s out-of-state incarceration on an unrelated offense did not toll the statute of limitations or suspend the statutory requirement that process be executed without unreasonable delay.
In Brown, the defendant was accused of theft and forgery occurring between November 3, 1982 and January 21,1983. The applicable limitation periods ranged from one to five years. A capias was issued in April, 1983 but not executed because the defendant was in federal custody, out of state. Brown was not arrested until after he returned to Florida following his release in August, 1992. Under the version of sections 775.15(5)(b) and 775.15(6) then in effect, a defendant’s out-of-state confinement did not excuse the state from serving process within the limitations period or toll running of the limitations period. After Brown, section 775.15(5), Florida Statutes was amended to provide that failure to execute process on or extradite a defendant in custody in another state does not contribute to an unreasonable delay in serving process. See Ch. 97-90 § 1, Laws of Fla. Brown addressed whether prosecution was timely commenced where the limitations period ran prior to service of process. Here, process was served prior to expiration of the limitations period so Brown is inapplicable. In any event, its holding has been superseded by statute. See § 775.15(5), Fla. Stat.
Under section 812.035(10), the statute of limitations was tolled for one year, based on Paulk’s New Jersey incarceration. She was charged by information and served *1232 with process prior to expiration of the limitations period. Consequently, prosecution was timely commenced.
We reverse the order granting Paulk’s motion to dismiss and remand the matter for action consistent with this opinion.

Reversed and Remanded.

GROSS and HAZOURI, JJ., concur.