PER CURIAM.
Cheryl Ann Beyer petitions for a writ of prohibition seeking to prevent the Bro-ward circuit court from prosecuting her in two 1988 cases: 88-16215CF10A — (1) obtaining property by worthless check and (2) grand theft; and 88-11477CF10A — (1) uttering a forged instrument; (2) forgery; and (3) grand theft. Petitioner allegedly committed the offenses in February 1988, more than twenty-two years ago. The State filed the informations charging petitioner in these cases in August and June 1988 respectively. She was never arrested on a capias or served with a summons. She alleges that she was never given notice, constructive or actual, of the pending charges and that she learned of the pending charges for the first time in 2010 during a background check to obtain her real estate license.
From May until December 1988, petitioner was in federal custody in the South Florida region awaiting transport to California on fraud charges. The probable cause affidavit reflects that the State was aware that petitioner was in federal custody during this time. She remained in federal custody until September 1991 when she was released. Florida lodged no holds or detainers, and the State made no attempt to serve her with process during this time.
*1134 Petitioner alleges that from-September 1991 to 2006, she lived in California and has lived in Colorado since 2006. She has maintained a driver’s license, purchased homes, applied for and received a marriage license, married and started a family, maintained employment, and regularly paid her taxes. When she learned of the pending charges, she retained counsel who moved to dismiss based on the statute of limitations because the capias was not served within a reasonable time and because the State failed to conduct a diligent search.
After receiving a written response from the State, the trial court denied the motions without holding an evidentiary hearing. The State erroneously argued that State v. Perez, 952 So.2d 611 (Fla. 2d DCA 2007), presented identical facts and that the statute of limitations was tolled because petitioner was continuously out of the state and in the custody of another sovereign. Petitioner filed motions requesting an evidentiary hearing and explaining that the statutes relied on to deny her motion had been amended in 1997 and that she was entitled to application of the statute in effect at the time of her alleged offenses which did not contain the same tolling provisions.
The court denied the motion and refused to hold a hearing. This petition follows.

Analysis

A petition for writ of prohibition is a proper remedy to prevent a prosecution that is barred by expiration of the statute of limitations. Lett v. State, 837 So.2d 614 (Fla. 4th DCA 2003). The statute in effect at the time of the alleged offense controls. Id. at 615 (citing State v. Shamy, 759 So.2d 728 (Fla. 4th DCA 2000)).
Section 775.15, Florida Statutes (1987), applies to these February 1988 offenses. Pursuant to this statute, a prosecution for a second or third-degree felony had to be commenced within three years after it was committed. § 775.15(2)(b), Fla. Stat. (1987).
A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered.
§ 775.15(5), Fla. Stat. (1987).
Section 775.15(6), Florida Statutes (1987), provides:
The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.
Id. In 1997, subsection (5) was substantially revised and the following language was added: “The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.” § 775.15(5)(b), Fla. Stat. (1997); Ch. 97-90, § 1, Laws of Fla. Before the 1997 amendment, the law was that the statute of limitations runs even when the defendant is in the custody of another sovereign. Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995).
The trial court in this case, without holding a hearing, denied the motion to dismiss based on the State’s response which relied on the above language in the present version of the statute. § 775.15(4)(b), Fla. Stat. (2010). See also § 775.15(5), Fla. *1135 Stat. (2010) (providing for tolling where a defendant “has not been arrested due to his or her absence from this state or has not been extradited for prosecution from another state”).
In its response to this court, the State concedes that the statute in effect at the time of the offense controls. The State agrees that, when the charges were filed in 1988, petitioner was in federal custody. The State does not dispute petitioner’s allegations that she resided in California and then Colorado. The State argues that the fact petitioner was in federal custody outside the State from December 1988 to September 1991 and then continuously absent from the State should be considered.
“[Statutes of limitation in criminal cases are to be construed liberally in favor of the accused.” Reino v. State, 352 So.2d 853, 860 (Fla.1977) (citing Toussie v. United States, 397 U.S. 112, 114-15, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970)), receded from on other grounds, Perez v. State, 545 So.2d 1357, 1358 (Fla.1989). The Court explained in Toussie:
The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.
397 U.S. at 114-15, 90 S.Ct. 858.
The only basis argued by the State for tolling is petitioner’s continuous absence from the State. Section 775.15(6), Florida Statutes (1987), allowed extension of the period of limitation based on continuous absence from the State but the period could not be extended by more than three years. The maximum period of extension allowed under the applicable statute expired long ago. Petitioner is entitled to discharge.

Petition granted.

MAY, C.J., POLEN and CONNER, JJ., concur.