PER CURIAM.
Luis Mora petitions for a writ of prohibition seeking review of the denial of his motion to dismiss and to prevent his continued prosecution. Mora argues that the prosecution was not commenced within the statute of limitations because the State failed to execute process without unreasonable delay. We agree and grant the petition.
On July 22, 2008, Mora was arrested for three misdemeanor counts of contracting without a license. § 489.127(2)(a), Fla. Stat. (2008). On September 11, 2008, the State filed a single third-degree felony charge, which alleged that Mora had previously been convicted for the same offense. § 489.127(2)(b), Fla. Stat. (2008). A capias issued for the new charge, but the notice was sent to the wrong address. The capi-as was not served until December 10, 2011.
Mora moved to dismiss the information. He argued that prosecution was not commenced within the three-year statute of limitations for this third-degree felony.[1] See § 775.15(2)(b), Fla. Stat. (2008) (providing that a prosecution for a third-degree felony must be commenced within three years after it is committed). The trial court held an evidentiary hearing and denied the motion concluding that Mora had previously been arrested. The court explained that the misdemeanor charge had identical elements to the offense charged in the information and that the only change was an elevation in the penalty. This petition follows.
“A petition for writ of prohibition is a proper remedy to prevent a prosecution that is barred by expiration of the statute of limitations.” Beyer v. State, 76 So.3d 1132, 1134 (Fla. 4th DCA 2012).
Section 775.15(4), Florida Statutes, provides:
(4)(a) Prosecution on a charge on which the defendant has previously been arrested or served with a summons is commenced by the filing of an indictment, information, or other charging document.
(b) A prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, provided the capi-as, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered. The failure to execute process on or extradite a defendant in another state who has been *487 charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.
After conducting the evidentiary hearing, the trial court concluded that authorities failed to conduct a diligent search. Mora was living in Broward County the entire time and was involved in civil litigation with the same victim that is the subject of the unlicensed contracting charge. As noted by the court, “[t]he defendant would have been easy to locate if the victim was contacted or civil case records were checked in the clerk’s office.” Nevertheless, the court found that prosecution was timely commenced because paragraph (a) of the statute applied as Mora had previously been arrested .for the misdemeanor unlicensed contracting charge.
Petitioner correctly argues that the felony unlicensed contracting charge is a different crime. In Cicilian v. State, 945 So.2d 654 (Fla. 4th DCA 2007), we granted a petition for writ of prohibition under extremely similar circumstances. We concluded that the felony DUI charge at issue in that case was a different crime and distinct from misdemeanor DUI. Id. at 655. Analogously, in this case, the felony unlicensed contracting offense requires proof of an element that the misdemeanor does not; that is, the existence of a prior conviction. See id. (citing State v. Woodruff, 676 So.2d 975, 977 (Fla.1996)).
The prosecution was not timely commenced in this case. Petitioner’s motion to dismiss the information should have been granted.

Petition granted.

MAY, C.J., POLEN and DAMOORGIAN, JJ., concur.

. The record before this court does not reveal the date the offense was allegedly committed as the charging document does not specify a date.