524 So.2d 1146 (1988)
Myron FLEMING, Appellant,
v.
STATE of Florida, Appellee.
No. BS-162.
District Court of Appeal of Florida, First District.
May 13, 1988.
Michael E. Allen, Public Defender, W.C. McLain, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant, Myron Fleming, seeks review of the trial court's order denying his motion to dismiss the information charging him with escape from the Florida State Prison. He asserts the trial court erred in denying his motion to dismiss on the ground that the statute of limitations had expired prior to commencement of the prosecution for this crime. We agree and reverse.
On December 25, 1982, appellant escaped from prison. Four days later on December 29, 1982, an information was filed and a capias issued. Appellant remained free until May 23, 1986 when he was confined in the Douglas County Jail in Marietta, Georgia. He remained there until November 7, 1986 when he was returned to the Florida State Prison from which he had escaped. On November 19, 1986, appellant pro se filed a motion to dismiss the information on the ground that the three-year statute of limitations had expired. Thereafter on December 3, 1986, the capias was executed, about four years after it had been issued.
The above facts were presented at the motion hearing, at which appellant represented himself. During the entire hearing, counsel for the state was silent. The trial court denied the motion on the ground that appellant had not been within the custody of the State of Florida and had not been apprehended here.
Thereafter appellant was tried by a jury and convicted of escape. The trial court subsequently imposed a guidelines sentence of 3 1/2 years imprisonment to run consecutive to the sentence he was currently serving.
Once the jurisdiction of the court is challenged by the raising of the statute of limitations, the state has the burden of establishing that the offense is not barred *1147 by the statute of limitations. State v. King, 282 So.2d 162 (Fla. 1973); Akers v. State, 370 So.2d 81 (Fla. 1st DCA 1979).
A prosecution for escape, which is a second degree felony, must be commenced within three years after it is committed. Section 775.15(2)(b), Florida Statutes (1981). To determine when a prosecution commences, we look to section 775.15(5) which states in pertinent part:
A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered.
In the present case, the state offered no evidence to explain the four-year delay in executing the capias, and no evidence that it had made a diligent search (indeed, any search) to locate the defendant. The record reveals only that appellant was apprehended in Marietta, Georgia, and that he was in Georgia for some unspecified period of time. However, these facts are insufficient to prove the reasonableness of the four-year delay. While not on point, State v. Fields, 505 So.2d 1336 (Fla. 1987), is instructive on the issue of the timeliness of execution of the arrest warrant. In Fields, the information was discharged because the state made no attempt to execute the capias until 3 1/2 years later, even though it knew where to find the defendant. Here, of course the record contains no explanation for the state's failure to serve appellant until four years later, although clearly, the state had the burden of offering an explanation for the delay before the trial court.
Accordingly, appellant's judgment and sentence for escape are REVERSED.
BOOTH and NIMMONS, JJ., concur.