ON MOTION FOR REHEARING
KAHN, Judge.
Appellant Tony Gilmore escaped from the Gainesville Road Prison on July 24, 1981. The Escape and Recapture Report indicated that all law enforcement agencies were notified and all available personnel were sent out to locate appellant. An information charging appellant with escape was filed on August 18, 1981, and a capias was issued on August 26, 1981. Appellant was arrested as a fugitive from justice on October 12, 1990 by a New York state trooper conducting a truck traffic safety road block at a rest area. On February 15, 1991, the capias was finally served.
Appellant filed a motion to dismiss the escape charge on the ground that the statute of limitations had expired. The motion alleged that the ten-year span between issuance and execution of the capias was an unreasonable delay and therefore prosecution was not timely commenced, due to the language of section 775.15(5), Florida Statutes (1981). (“A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered.”) Pursuant to section 775.15(2)(b), Florida Statutes (1981), a prosecution for the crime of escape “must be commenced” within three years. The period may be extended for an additional three years when the defendant is continuously absent from the state. § 775.15(6), Fla.Stat. (1981).
After conducting a hearing which was not reported by a court reporter, the trial court, on May 14, 1991, entered a written order denying the motion to dismiss. In the order, the trial court noted that appellant claimed that, during his time at large, he had lived under his own name with family members in Mansfield, Ohio. The order made the following factual findings:
The State produced the testimony of now Major, then Captain Henson of the Department of Corrections. He was the supervisor of the Road Prison at the time of the escape and testified to the details of the search conducted for the Defendant within 24 hours of his escape. This included the immediate last known local [sic] of the Defendant, the interstate 75 highway entrances, parking lots, and bus stations. It also included a consensual search of his girl friend’s home. Although local and state authorities were notified, he does not recall notifying the F.B.I. He did check all local addresses but doesn’t recall checking on any Ohio addresses or any discussion with the Defendant about his family in Ohio.
The State also produced documents concerning the notification of the F.B.I. in September 1990 (one month before arrest), when the Division of Corrections *580 had received information about the possible whereabouts of the Defendant. The State also included teletyped and faxed documents surrounding the Defendant’s arrest in New York where he gave false identification (Horace Trammell) during his arrest. He was pursing an occupation of a long distance truck driver for a Pennsylvania company. The address given with the false name was in Mansfield, Ohio. Whether it was or was not the address for a relative is unknown from this record.
The trial court found that none of the cases Gilmore relied upon had the kind of extensive search found in the instant case. The trial court concluded that “the statute of limitations is not a bar to prosecution, the State having made diligent effort to locate and the Defendant having made diligent effort to conceal his whereabouts. The Motion should be and the same is hereby Denied.”
Appellant entered a plea of nolo conten-dere and reserved the right to appeal the order denying the motion to dismiss. This court issued a per curiam decision affirming the trial court’s order denying the motion to dismiss.
In his motion for rehearing, appellant contends that the court overlooked Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988), which held:
In the present case, the state offered no evidence to explain the four-year delay in executing the capias, and no evidence that it had made a diligent search (indeed, any search) to locate the defendant. The record reveals only that appellant was apprehended in Marietta, Georgia, and that he was in Georgia for some unspecified period of time. However, these facts are insufficient to prove the reasonableness of the four-year delay.
[[Image here]]
[T]he record contains no explanation for the state’s failure to serve appellant until four years later, although clearly the state had the burden of offering an explanation before the trial court.
524 So.2d at 1147.
Appellant further asserts that the evidence of the search occurring within 24 hours of appellant’s escape is legally not relevant since this occurred weeks prior to the critical time period between August 27, 1981, when the capias issued, until July 25, 1987, when the limitations period ended, but for the trial court’s finding of no unreasonable delay. The state has not responded to appellant's motion.
We deny the motion for rehearing. Section 775.15(2), Florida Statutes (1981), provides that a prosecution for a second degree felony must be commenced within three years after it is committed. Section 775.15(5) explains that a prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed (served) without unreasonable delay. “The issues in prearrest delay are whether the capias was executed without unreasonable delay and whether the state was diligent in its efforts to execute the capias in order to bring the defendant before the court within the statutory limit.” Bragenzer v. State, 582 So.2d 142, 143 (Fla. 5th DCA 1991). In determining whether there has been a reasonable delay, the inability to locate a defendant after diligent search and the defendant’s absence from the state shall be considered. § 775.15(5), Fla.Stat. (1981); State v. Miller, 581 So.2d 641 (Fla.2d DCA 1991), rev. dismissed, 584 So.2d 999 (Fla.1991).
In the case at bar, although the capias was issued on August 26, 1981 and was not served until February 15, 1991, there was no showing that the court abused its discretion in finding the delay was not unreasonable given the facts that (1) the authorities immediately searched for appellant by notifying all law enforcement agencies and sending out all available personnel to locate appellant, and (2) Gilmore left Florida, took a job which required extreme mobility and acquired a new identity as Horace Trammel.
Appellant’s reliance on Fleming is misplaced since, unlike the instant case, no evidence or explanation at all for the delay in executing the capias against Fleming or *581 evidence regarding a search was offered in Fleming. The trial court properly distinguished the Fleming ease and other cases relied upon by appellant based on the absence of a diligent search in those cases. Compare also, Bragenzer v. State, supra (deputy sheriff testified that worthless check charge “didn’t warrant any more time” than one attempt to locate defendant by capias server).
Appellant’s argument that the evidence of the search was irrelevant is without merit. Appellant cites no support for the contention that only evidence from the period after the capias issued on August 27, 1981 until the statutory period ended on July 25, 1987, is relevant. The statute does not limit the scope of evidence to the period after the capias is issued. Gilmore’s assertion that for statute of limitations purposes the relevant inquiry begins only when a capias is issued after a charging document is filed, and not when the offense is committed, is not supported by logic or law. A law enforcement agency would be remiss to wait around for a capias to be issued when an officer witnesses an escape or authorities immediately learn of it. Since escape is a second-degree felony, the officer could have arrested appellant as soon as he left the restricted area. §§ 944.40, 901.15, Fla.Stat. (1981). Section 775.15(4), Florida Statutes (1981), states: “Time starts to run on the day the offense is committed.” The prosecution here was timely commenced. §§ 775.15(2), 775.15(5), Fla.Stat. (1981). We deny the motion for rehearing, and AFFIRM Gilmore’s conviction.
ERVIN and SMITH, JJ., concur.