605 So.2d 971 (1992)
Jack Thomas CURRIE, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2250.
District Court of Appeal of Florida, Third District.
October 6, 1992.
Robert Augustus Harper, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
Where an inmate escapes from prison and is not found for two years, plainly the State could not serve him with a capias for the crime of escape until defendant was recaptured. The two-year delay between the filing of the information for escape and the service of the capias (upon defendant's recapture) was manifestly reasonable within the meaning of subsection 775.15(5), Florida Statutes (1991). Having intentionally and successfully absented himself from state custody, defendant will not now be heard to say the state authorities should have captured him sooner. The decision relied on by defendant, Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988), is not to the contrary, for it hinges entirely upon the failure of the state to present evidence at a hearing on the issue.
Affirmed.