PER CURIAM.
The defendant was charged with possession of cocaine with intent to sell and found guilty by a jury. He was sentenced to twenty years incarceration followed by ten years of probation. He appeals his conviction and sentence claiming error in the admission of certain testimony. We affirm.
Two police officers on patrol in a Key West neighborhood saw the defendant engaged in what appeared to them to be a narcotics transaction. The officers testified that, as they approached, they observed defendant drop what was later established, by testing, to be crack cocaine. The defendant took the stand in his own behalf and testified that he had just completed the purchase of “two caps” from one Orlando, then fled as police officers whom he said he had never seen before approached him. Defendant claimed he had fled from the officers because he feared they were criminals who frequented the same area. On rebuttal, the officers were permitted to testify, over several defense counsel objections, each failing to state the grounds for objection, that the defendant knew them from defendant’s previous arrests in which the officers had participated. The defendant’s sole claim on appeal is that the admission of such testimony prejudiced him by improperly allowing evidence of previous bad character. The state argues the evidence of defendant’s guilt was overwhelming and that the defendant’s testimony opened the door for rebuttal.
It is unnecessary for us to address either claim because in the instant case the defendant’s general objection failed to preserve the matter for review. Tillman v. State, 471 So.2d 32 (Fla.1985) (specific legal ground or argument must be presented in the trial court to preserve for appellate review).
Accordingly, the judgment and sentence under review are affirmed.