PER CURIAM.
Petitioner, Harold Eugene Newman, contends that his prosecution for the offense of *812 escape is barred by the statute of limitations. His motion to dismiss having been denied by the trial court, Newman seeks a writ of prohibition. We have jurisdiction. Neal v. State, 697 So.2d 903 (Fla. 2d DCA 1997). Finding petitioner’s argument to be well-taken, we grant the petition, issue the writ, and direct the trial court to dismiss the pending charge.
Petitioner apparently failed to return to a correctional institution after a day of work release, and was charged with escape. The information was filed on March 19, 1992, and a capias issued on June 22, 1992. However, the capias was not executed until June 19, 1997, nearly five years later. When Newman was recaptured, he moved to dismiss, relying upon the three-year statute of limitations for escape. See §§ 944.40, 775.15(2)(b), Fla. Stat. (1991).
According to section 775.15(5), Florida Statutes (1991):
A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered.
The statute of limitations begins to run the day after the offense is alleged to have been committed. Brown v. State, 510 So.2d 361, 363 (Fla. 3d DCA 1987). The word “executed” in section 775.15(5) means served upon the defendant. State v. Fields, 505 So.2d 1336, 1337 (Fla.1987).
A hearing was held on the motion to dismiss. The only witness was a clerical aide for the Duval County Sheriffs Office who testified to the general procedures for issuing warrants — the information is entered into a computer terminal and made available to all law enforcement offices in the state. The witness, however, had no specific information regarding any search conducted to find this particular defendant.
In Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988), this court considered a similar situation. Fleming had escaped from prison. Four days after the escape, an information was filed charging escape, and a capi-as issued. Fleming remained free for three and one-half years before being arrested in Georgia, and eventually returned to Florida. He then moved to dismiss the information, claiming that the three-year statute of limitations had expired. A hearing was held, at which the state presented no evidence. This court said that, once the statute of limitations is raised as a defense, the state has the burden of establishing that the offense is not barred. Id. at 1146-47. Because the state offered no evidence to explain the four-year delay in executing the capias, this court held that the motion to dismiss should have been granted. Id. at 1147.[1]
We are unable to distinguish Fleming from this case. Respondent’s reliance on Currie v. State, 605 So.2d 971 (Fla. 3d DCA 1992) is misplaced. That decision specifically distinguished Fleming as having been decided on the state’s failure to present evidence at a hearing. Although the Currie opinion does not describe the hearing held in the trial court, it must be assumed from the district court’s conclusion that the state there did present evidence that the defendant evaded law enforcement authorities in order to avoid recapture.
Because we find that the motion to dismiss should have been granted on the authority of this court’s decision in Fleming, the petition for writ of prohibition is granted, and the case remanded with directions that it be dismissed.
MINER, ALLEN and WEBSTER, JJ., concur.

. In contrast, this court held that a delay in service was not unreasonable, and the statute of limitations defense not viable, where the state presented evidence of a diligent search in Gilmore v. State, 602 So.2d 578 (Fla. 1st DCA 1992).