HARRIS, J.
We reverse appellant’s conviction. In this appeal, Robinson relies not on his innocence but on the rules of the game to demand relief. We agree that under the applicable statutes the prosecution was commenced too late.
After committing the offenses charged herein, Robinson moved to Georgia and remained there for several years. It is conceded that during this period, Robinson was unavailable. Process was ultimately served on Robinson beyond six years of the commission of the offenses. Because he was out of state and because he used several aliases, the court denied Robinson’s motion to dismiss the causes against him.
Section 775.15(5), Florida Statutes, permits the filing of the information to be considered the commencement of the action if the process is executed without unreasonable delay. In determining whether the delay is reasonable, failure to locate the defendant after diligent search or the defendant’s absence from the state must be considered. Here, the State failed to urge that it made any diligent search to locate the defendant for execution of the information at any time during the applicable statute of limitations. After Robinson’s motion to dismiss based on the *1267 running of the statute of limitations, the State appears to have learned of Robinson’s absence from the state and his use of aliases, but made no effort to show that efforts to serve him were thwarted by these facts. And, in any event, section 775.15(6), Florida Statutes, which specifically considers a defendant’s absence from the state and permits the period of limitation to be extended therefor, limits such extension to a maximum of three years. That was exceeded in this case.
REVERSED and REMANDED for action consistent with this opinion.
THOMPSON, C.J., and PALMER, J„ concur.