933 So.2d 1244 (2006)
Mike McGREGOR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0001.
District Court of Appeal of Florida, First District.
July 20, 2006.
Mike McGregor, pro se, Appellant.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's denial of the appellant's first and third claims without further discussion. However, we reverse the trial court's denial of the appellant's second claim because it is not conclusively refuted by the record and requires an evidentiary hearing.
*1245 On February 27, 2003, the appellant pled no contest to possession of a firearm by a convicted felon, attempted escape, aggravated fleeing and eluding, and escape. On June 9, 2004, the appellant filed a motion seeking postconviction relief. In his second claim, the appellant alleged that his counsel was ineffective for failing to advise him that he had a viable defense to the charge of escape because the prosecution was commenced outside the applicable statute of limitations. The appellant alleges that he would not have entered his plea if he had been aware of this defense. The appellant alleges that he escaped from county jail on May 26, 1996, and the capias against him was not executed until December 18, 2002. Because escape is a second-degree felony, prosecution was required to be commenced within three years. § 775.15(2)(b), Fla. Stat. (1995). The statute of limitations for a charge of escape begins to run the day after the offense was committed, so it would have started on May 27, 1996. Newman v. State, 707 So.2d 811 (Fla. 1st DCA 1998). The execution of the capias was clearly outside of the three-year time limit.
Moreover, there is no evidence in the record showing that the state conducted a reasonable search in an attempt to locate the appellant so it is unclear whether the time period could have been extended by three years. See § 775.15(6), Fla. Stat. (1995); Morgan v. State, 888 So.2d 128, 129 (Fla. 3d DCA 2004)(holding that an evidentiary hearing would be required to determine whether the statute of limitations would have been extended for an additional three years). Even if the additional time was applicable to the appellant's case, the statute of limitations would have been extended only until May 27, 2002, and the appellant alleges that the capias was not executed until December 18, 2002. Because the appellant's claim of ineffective assistance of counsel was legally sufficient, it was error for the trial court to summarily deny the claim. We therefore reverse the trial court's denial of the appellant's second claim and remand for an evidentiary hearing.
AFFIRMED, in part, REVERSED, in part, and REMANDED.
KAHN, C.J., BENTON and LEWIS, JJ., concur.