BENTON, C.J.
 

 Darnell Goings appeals his conviction and sentence for “sexual battery by familial or custodial authority,” in violation of section 794.011(8)(b), Florida Statutes (1993). He argues here — as he did in his unsuccessful motion to dismiss below— that the statute of limitations should have precluded his further prosecution. Unpersuaded, we affirm.
 

 He does not argue
 
 [1]
 
 — and has no basis for any argument-that the information was not filed in timely fashion.
 
 See
 
 § 775.15(2)(a), Fla. Stat. (1993) (requiring that the prosecution be commenced within four years of commission of the offense). On March 11, 1996, a warrant issued for his arrest. Three days later, the state filed formal charges: An information accused Mr. Goings of committing sexual battery between April 1, 1995 and May 30, 1995, on a sixteen-year-old girl held in the Franklin County jail, while he was working there for the Franklin County Sheriffs office.
 

 In his motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190, he contended that the delay in executing the arrest warrant or capias was unreasonable: The arrest warrant or capias was finally executed on November 30, 2009, some fifteen years after charges were laid. The statute in force at the time of the offense
 
 [2]
 
 defined commencement of prose
 
 *977
 
 cution as filing the information or indictment, but with a proviso:
 

 A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed
 
 without unreasonable delay.
 
 In determining what is reasonable, inability to locate the defendant after diligent search
 
 or
 
 the defendant’s absence from the state shall be considered.
 

 § 775.15(5), Fla. Stat. (1993) (emphasis supplied). Attributing the delay in executing the capias to Mr. Goings’s continuous absence from Florida, the trial court denied the motion. Mr. Goings then pleaded no contest, reserving the right to appeal denial of his motion to dismiss.
 
 [3]
 
 The only argument he makes on appeal is that the motion should have been granted because “the state failed to conduct a diligent search to locate” him. Initial Brief, p. 11.
 

 At issue is whether the arrest warrant or capias was served on Mr. Goings “without unreasonable delay.” § 775.15(5), Fla. Stat. (1993). At the hearing on the motion, an investigator with the State Attorney’s Office testified that once he received certain DNA test results, he set out to arrest Mr. Goings. He first spoke to Mr. Goings’s attorney, but learned nothing about his whereabouts from the attorney. He then visited Mr. Goings’s last known employer, and obtained a forwarding address for him in Port St. Joe. When he went to the Port St. Joe address, he was told that Mr. Goings had “gone up north.” Mr. Goings himself testified that he moved to the Washington, D.C. area in January of 1996, and lived there until he was arrested on these charges.
 

 On cross-examination, the investigator testified that he did not personally enter a copy of appellant’s arrest warrant into a state or national database, but that he understood that the Sheriffs Office had. He did testify that later, in August of 2002, he “ran” Mr. Goings’s name in a computer program, one that did not exist in 1996, and found several addresses for him, from 1996 forward, including two in Ohio, two in Maryland, and several in Washington, D.C. A subsequent search in criminal and civil court databases revealed that Mr. Goings had received traffic tickets in Maryland in May of 1996 and June of 2006, and that somebody had filed a civil action against him in Maryland in 2000. The investigator testified that he was not aware, at the time, that Mr. Goings had been arrested in 1996 and in 2002.
 
 [4]
 

 
 *978
 
 Under section 775.15(5), the state had the burden to show an “inability to locate the defendant after diligent search
 
 or
 
 the defendant’s absence from the state.” § 775.15(5), Fla. Stat. (1993) (emphasis supplied).
 
 See Kidd v. State,
 
 985 So.2d 1180,1181 (Fla. 4th DCA 2008) (“The state has the burden of proving that prosecution is not barred by the statute of limitations.
 
 Cunnell v. State,
 
 920 So.2d 810 (Fla. 2d DCA 2006);
 
 Berntson v. State,
 
 804 So.2d 406 (Fla. 4th DCA 2001);
 
 Neal v. State,
 
 697 So.2d 903 (Fla. 2d DCA 1997);
 
 State v. Picklesimer,
 
 606 So.2d 473 (Fla. 4th DCA 1992).”);
 
 Brown v. State,
 
 674 So.2d 738, 740 (Fla. 2d DCA 1995). Mr. Goings argues that the state did not conduct a diligent search, in part because the state did not follow up on information it learned from the computer searches performed in 2002 and thereafter. But the state showed it searched diligently until after Mr. Goings left the state, and the parties agree that he was continuously absent from the state from 1996 until he was arrested in 2009.
 

 Section 775.15(5) does not require any other showing. The record amply supports the learned trial judge’s determination that execution of the capias did not entail unreasonable delay within the meaning of the statute.
 
 Cf Fleming v. State,
 
 524 So.2d 1146, 1147 (Fla. 1st DCA 1988) (trial court erred in denying Fleming’s motion to dismiss on the ground that the statute of limitations had expired when “the state offered no evidence to explain the four-year delay in executing the capi-as”).
 

 We are not concerned here with the judicially created exception (since apparently abolished by the Legislature)
 
 [5]
 
 available to a defendant who proves his absence from the state did not actually hinder the prosecution because Florida authorities knew the accused was in custody elsewhere, and amenable to extradition.
 
 [6]
 
 In the present case, although Mr. Goings testified that he was in custody out of state in 1996 and again in 2002, he did not establish that anybody in Florida was aware that he was in custody, until long after the fact. The state’s showing that Mr. Goings left the state soon after the arrest warrant or capias issued and remained continuously absent from the state until his arrest proved the reasonableness of the delay, within the meaning of section 775.15(5).
 

 Since the jailhouse encounter, the Legislature has amended section 775.15(6), Florida Statutes (1993), to add: “This provision shall not extend the period of limitation otherwise applicable by more than 3 years,
 
 *979
 
 but shall not be construed to limit the prosecution of a defendant who has been timely charged by indictment or information or other charging document and who has not been arrested due to his or her absence from this state or has not been extradited for prosecution from another state.” Ch. 97-90, § 1, at 514, Laws of Fla. This amendment to the statute of limitations is not retroactive, and does not control here.
 
 See Torgerson v. State,
 
 964 So.2d 178, 179 (Fla. 4th DCA 2007);
 
 Lett v. State,
 
 837 So.2d 614, 615 n. 1 (Fla. 4th DCA 2003);
 
 State v. Shamy,
 
 759 So.2d 728, 730 (Fla. 4th DCA 2000) (the statute of limitations applicable is the one in effect when the crime was committed).
 

 It can be argued that section 775.15(6), Florida Statutes (1993), has no application in the present case because, as the parties agree, the information was filed before even the primary four-year limitations period had run.
 
 Cf. Pearson v. State,
 
 867 So.2d 517, 519 (Fla. 1st DCA 2004) (ruling prosecution timely where information was filed a year after the primary limitations period because “the appellant was continuously absent from the state and his absence resulted in the tolling of the statute of limitations”). Section 775.15(6) provides:
 

 The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.
 

 § 775.15(6), Fla. Stat. (1993). This subsection “allows the statute of limitations for commencing prosecution
 
 (ie.,
 
 filing an information or an indictment) to be tolled for the period when the ‘defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state.’ ”
 
 State v. Picklesimer,
 
 606 So.2d 473, 475 (Fla. 4th DCA 1992). Subsection (6) “is not an absolute limitation upon prosecution after a specified time period,” but “merely allows for a delay of commencement of that prosecution for specified reasons.”
 
 Id. See also King v. State,
 
 687 So.2d 917, 919 (Fla. 5th DCA 1997) (agreeing with
 
 Picklesimer
 
 that “subsections 775.15(5) and (6) are independent provisions”). In the present case, the filing of the information commenced the prosecution, long before the limitations period had run.
 

 On the other hand, there is support for the contrary view. Some cases suggest that subsection (6) automatically bars (further) prosecution three years after the primary limitations period expires.
 
 See Lett,
 
 837 So.2d at 615 (stating that the statute of limitations could have been extended a maximum of three years if the defendant was continuously absent from the state, but deciding the case on the basis that the twenty-year delay in serving capias was not reasonable);
 
 Robinson v. State,
 
 773 So.2d 1266, 1266-67 (Fla. 5th DCA 2000) (finding that the state failed to show that delay was reasonable under section 775.15(5), but noting that “in any event, section 775.15(6) ... which specifically considers a defendant’s absence from the state and permits the period of limitation to be extended therefor, limits such extension to a maximum of three years”). Similarly, in
 
 McGregor v. State,
 
 933 So.2d 1244, 1245 (Fla. 1st DCA 2006), we ruled that appellant had stated a legally sufficient claim for relief in his postconviction motion when he alleged counsel was ineffective for failing to inform him of a viable defense based on the statute of limitations. We said that, even if the statute of limitations was extended under section 775.15(6), it could have been extended for only three years, and that the capias was executed outside the extended time period.
 
 Id.
 
 But we did not indicate whether the prosecu
 
 *980
 
 tion had been initiated within the limitations period, as it was here and in
 
 Pickle-simer.
 

 In any event, we need not decide the subsection (6) issue in the present case. By not raising the point in his initial brief, Mr. Goings waived the argument that the trial court erred in denying his motion to dismiss merely because the prosecution remained pending more than three years beyond the four-year primary limitations period.
 
 See Jones v. State,
 
 966 So.2d 319, 330 (Fla.2007);
 
 Hall v. State,
 
 823 So.2d 757, 763 (Fla.2002) (“ ‘[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.’ ” (quoting
 
 J.A.B. Enters, v. Gibbons,
 
 596 So.2d 1247, 1250 (Fla. 4th DCA 1992)));
 
 Williams v. State,
 
 845 So.2d 987, 989 (Fla. 1st DCA 2003). This omission moots the question in the present case, just as the statutory amendment moots the question in any similarly prolonged prosecution for offenses occurring on or after July 1, 1997.
 
 See
 
 Ch. 97-90, § 7, at 521, Laws of Fla.
 

 Affirmed.
 

 HAWKES and ROWE, JJ„ concur.
 

 [1]
 

 . Appellant attaches no significance to the fact that the arrest warrant issued before the information was filed, arguing only that the “state failed to establish that it conducted a diligent search to locate appellant,” specifically:
 

 The state conducted no follow-up investigation to locate appellant in 2002 when it discovered that appellant had been living in the Washington D.C. area. Appellant's arrest some seven years later should be deemed outside the statute of limitations. Summary of the Argument in Appellant's Initial Brief, p. 5.
 

 [2]
 

 . "[T]he limitations period in effect at the time of the incident giving rise to the criminal charges controls the time within which prosecution must be begun.”
 
 Perez
 
 v.
 
 State,
 
 545 So.2d 1357, 1358 (Fla.1989).
 
 See also Bryson
 
 
 *977
 
 v.
 
 State,
 
 42 So.3d 852, 854 (Fla. 1st DCA 2010) ("Generally, the controlling statute of limitations is that which is in effect when a crime is committed.” (citing
 
 State ex rel. Manucy v. Wadsworth,
 
 293 So.2d 345, 347 (Fla. 1974)));
 
 Torgerson v. State,
 
 964 So.2d 178, 179 (Fla. 4th DCA 2007);
 
 Rock v. State,
 
 800 So.2d 298, 299 (Fla. 3d DCA 2001);
 
 Mercer v. State,
 
 654 So.2d 1221, 1221 (Fla. 5th DCA 1995) (“The limitations period in effect at the time of the action giving rise to the criminal charges controls the time in which prosecution must be initiated.” (citing
 
 Rubin v. State,
 
 390 So.2d 322 (Fla.1980)));
 
 Heath v. State,
 
 532 So.2d 9, 10 (Fla. 1st DCA 1988) ("[I]t is firmly established law that the statutes in effect at the time of commission of a crime control as to the offenses for which the perpetrator can be convicted, as well as the punishments which may be imposed.”).
 

 [3]
 

 .
 
 See Brown v. State,
 
 376 So.2d 382, 384 (Fla. 1979);
 
 State v. Ashby,
 
 245 So.2d 225, 228 (Fla. 1971);
 
 Vaughn v. State,
 
 711 So.2d 64, 65 (Fla. 1st DCA 1998);
 
 Wright v. State,
 
 547 So.2d 258, 259 (Fla. 1st DCA 1989);
 
 Howard v. State,
 
 515 So.2d 346, 348 (Fla. 1st DCA 1987);
 
 Morgan v. State,
 
 486 So.2d 1356, 1357 (Fla. 1st DCA 1986).
 

 [4]
 

 . Mr. Goings also testified that between March and August of 1996, he was arrested and placed on probation in Virginia for two years.
 

 [5]
 

 .
 
 In 1997, the legislature amended section 775.15(5), Florida Statutes, to add: "The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.” Ch. 97-90, § 1, at 514, Laws of Fla.
 

 [6]
 

 . In
 
 State v. Miller,
 
 581 So.2d 641, 642 (Fla. 2d DCA 1991), the state contended that delay in executing a capias on Miller was not unreasonable because it established that he was out of the state in Indiana for at least a portion of the time. The Second District found that assuming the state had met its burden, Miller met his burden in turn by showing that at the time he left the state, there were no charges against him, and that, as soon as Indiana officials notified him of the Florida charges against him, he waived extradition but Florida refused to go and pick him up.
 
 Id.
 
 Thus, the court found, Miller’s absence from the state had not prevented the state from commencing prosecution.
 
 Id.
 
 We adopted the
 
 Miller
 
 holding in
 
 Pearson v. State,
 
 867 So.2d 517, 519 (Fla. 1st DCA 2004): "The second district’s holding in
 
 Miller
 
 appears to be proper because the dispositive issue under section 775.15(5) is whether the state’s delay in prosecution is reasonable. Thus, in considering the reasonableness of the delay, it is appropriate to look to whether the defendant's absence from the state hindered the prosecution.”