IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,
DEPARTMENT OF REVENUE,

     Appellant,

v.

CHANNON C. PRICE and JOHN
E. PRICE,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1452

Opinion filed December 31, 2015.

An appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

Pamela Jo Bondi, Attorney General, and William H. Branch, Assistant Attorney General, Office of Attorney General Child Support Enforcement, Tallahassee, for Appellant.

Charles F. Beall, Jr. of Moore, Hill & Westmoreland, P.A. and Andrea B. Roberts, Legal Services of Florida, Inc., Pensacola, for Appellees.

BILBREY, J.

     The Florida Department of Revenue appeals the amended final judgment of dissolution of marriage, and the second amended final judgment which denied rehearing of the earlier judgment, on the issue of the determination of the father,

John E. Price's gross income under section 61.30(2)(a), Florida Statutes, for purposes of calculating the child support award. We review the trial court's application of the statute to the undisputed facts *de novo*. Faller v. Faller, 51 So. 3d 1235, 1236 (Fla. 2d DCA 2011).

The issue in this case is whether the father's overseas housing allowance (OHA) for the period he was deployed to Bahrain on active service with the United States Navy, prior to his retirement, must be included in his gross income under section 61.30(2)(a), Florida Statutes. It was undisputed that the OHA is an allowance to offset off-base housing expenses when a Service member[1] is deployed to a location where housing costs are higher than the Basic Allowance for Housing (BAH) covers.[2] In calculating past child support due, the trial judge concluded that the father's gross income should not include the father's OHA for the periods he benefitted from such payments, but did not explain how she reached that conclusion.

Section 61.30(2), Florida Statutes provides in pertinent part:

> (a) Gross income shall include, but is not limited to, the following:

---

[1] The word "Service" in "Service member" is capitalized and the term "Service member" is two words per Writing Style Guide and Preferred Usage for DoD Issuances, September 30, 2015, http://www.dtic.mil/whs/directives/corres/writing/Writing_Style_Guide.pdf (last visited December 3, 2015)

[2] The father conceded at the trial level that BAH should be included in his gross income. Accordingly, we do not address that issue.

1. Salary or wages.

2. Bonuses, commissions, allowances, overtime, tips, and other similar payments.

*   *   *

13. Reimbursed expenses or in kind payments to the extent that they reduce living expenses. . . .

The statute does not exclude military allowances, temporary or one-time bonuses,[3] or earmarked allowances or reimbursements for housing which cannot be spent on non-housing expenses.[4]  However, the Department does not argue that the OHA is salary under section 61.30(2)(a)1 or an allowance under 61.30(2)(a)2.  Our analysis therefore concerns only section 61.30(2)(a)13.[5]

The public policy of the child support guidelines statutes is to standardize and facilitate each parent's "fundamental obligation to support his or her minor or legally dependent child" and is "based on the parent's combined net income estimated to have been allocated to the child as if the parents and children were living in an intact household."  § 61.29, Fla. Stat.  Although they apply foreign statutes which differ slightly from the Florida provision, we find the opinions in

---

[3] See Colston v. Green, 742 So. 2d 280 (Fla. 1st DCA 1998) (Father's one-time signing bonus from professional football team was required to be included in "gross income" under section 61.30(2)(a), Fla. Stat.).

[4] See Dep't of Revenue v. Hinnerschietz, 850 So. 2d 625 (Fla. 2d DCA 2003) (Father's benefits from business which contributed to his living expenses required to be included as "gross income" under section 61.30(2)(a), Fla. Stat.).

[5] While we can affirm a decision even if right for the wrong reason, we can only address arguments raised by an appellant if the arguments are in the initial brief. Goings v. State, 76 So. 3d 975 (Fla. 1st DCA 2011).  If not raised, other issues are moot. Id.

3

Wilson v. Wilson, 855 N.W.2d 105 (N.D. 2014) and Berkbigler v. Berkbigler, 921 P.2d 628 (Alaska 1996) persuasive. In both opinions, the courts held that the Service member parents' OHAs constituted subsistence allowances for daily living expenses. Accordingly, the OHAs in those cases were required to be included in the Service member parents' gross income for purposes of calculating past child support obligations.[6]

Accordingly, the father's OHA for the months he benefitted from this allowance must be included in his gross income under section 61.30(2)(a)13, Florida Statutes. The trial court's rulings to the contrary are reversed and this matter remanded for recalculation of the past child support obligation. In all other respects, the amended final judgment and second amended final judgment are affirmed.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

BENTON and OSTERHAUS, JJ., CONCUR.

---

[6] We recognize that the learned trial judge was likely trying to avoid the potential inequity of a Service member stationed overseas and receiving OHA paying more child support than if that same Service member had been stationed in the United States. However, we are constrained to use the definition of gross income provided by statute. Any equitable consideration would be relevant to the child support awarded per section 61.30(11)(a)11, Florida Statutes, not the gross income calculation under section 61.30(2), Florida Statutes. See also Robinson v. Robinson, 657 So. 2d 958, 960 (Fla. 1st DCA 1995) (holding that high cost of living of parent residing in California may be a valid factor in deviating from child support guidelines).