IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

J.N.S.,

       Appellant,

 v.

A.M.A.,

       Appellee.

_____/

Case No. 5D15-2926

Opinion filed June 24, 2016

Appeal from the Circuit Court
for Brevard County,
Tonya B. Rainwater, Judge.

J.N.S., Palm Bay, pro se.

No Appearance for Appellee.

COHEN, J.

J.N.S. ("Mother") appeals the trial court's final judgment establishing paternity and child support, and adopting a parenting plan. Both parties appeared pro se below and A.M.A. ("Father") did not file a brief in this appeal. The trial court's final order directed roughly equal time-sharing and joint decision-making responsibility between the two parents and established child-support obligations for each. Mother raises more than a dozen points on appeal, including the trial court's failure to consider Father's history of domestic violence when evaluating the best interests of the children and various issues related to the amount of child support. We review a trial court's order establishing a parenting plan for an abuse of discretion. Schwieterman v. Schwieterman, 114 So. 3d 984, 987 (Fla. 5th DCA 2012).

Our review in this case is significantly hampered by the lack of a trial transcript. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (explaining why the lack of a trial transcript is often fatal to an appeal). We do, nonetheless, have the exhibits entered into evidence at trial, including the police report from a 2006 altercation between the parties, along with the findings of fact from the final judgment.[1] The 2006 incident occurred outside the Melbourne Mall and was described by three independent witnesses. The witnesses recounted seeing Father chase Mother around the mall parking lot with a machete. As Mother tried to leave in her car, Father used the machete to break a window, pulled her out, then forced her into his vehicle and drove off. When a responding police officer stopped Father's vehicle, Father denied there was anyone else in the car; yet once backup arrived, Mother was found lying down on the floor in the back of the truck cab with the seat folded up, covered in glass from the shattered window and visibly injured. Father ultimately pleaded nolo contendere to disorderly conduct and was sentenced to twelve months of probation and ordered to attend an anger management course.[2]

Mother argues on appeal that the trial court's order failed to state, as required by statute, that the court considered evidence of domestic violence. See § 61.13(3)(m), Fla. Stat. (2012) (requiring the court to acknowledge in writing that evidence of domestic

---

[1] Though Mother claims in her brief that the trial court excluded police reports reflecting Father's history of domestic violence, the 2006 report, at least, was entered into evidence and included in the record. While the police report constituted hearsay, it was admitted into evidence, we assume either without objection or under a recognized exception.

[2] The final judgment also indicates that Father was arrested for domestic violence in 2011. We have no information about the factual circumstances or ultimate result of that arrest. Additionally, Mother presented a list, not admitted into evidence, of other offenses that included a 2012 arrest for an aggravated assault related to domestic violence. We do not know whether there was testimony to support that allegation.

abuse was considered when determining the best interests of the children). Yet the final judgment, in quoting from the 2006 police report and acknowledging the other arrests and testimony, shows that the trial court at least considered these incidents but found that it was "unable to conclude that any domestic violence actually took place." Because she has failed to identify any additional record evidence that was unacknowledged in the trial court's final order, Mother has failed to show that the court failed to comply with its obligations under section 61.13(3)(m) to consider evidence of domestic violence.

Mother also argues that the trial court erred in determining the best interests of the children. Despite our misgivings about some of the trial court's findings—especially its remarkable finding that no domestic violence occurred despite the police report of the 2006 incident—we are compelled to affirm the time-sharing arrangement ordered by the trial court because we have no transcript from which to determine that the decision constituted an abuse of discretion.[3] The trial court properly considered all of the statutory criteria relating to time-sharing and made findings of fact related to each factor. See § 61.13(3)(a)-(t), Fla. Stat. (listing factors to consider when determining the best interests of the children). Notably, the trial court found that both parents have been involved in the children's education and are capable of providing for their developmental needs. While the evidence of domestic violence is disturbing, the main incident occurred ten years ago—before the birth of the parties' children—and according to the final judgment, Father has been involved in the children's lives, and the trial court believed he should continue to play an active role in their future.[4]

---

[3] See Applegate, 377 So. 2d at 1152 ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.").

[4] Likewise, while the final judgment found that Father had been involuntarily committed to state custody under the Baker Act "once or twice in the past," Father's last

3

In addition, Mother has not always fulfilled her duty to facilitate the relationship between Father and the children. Prior to the filing of the paternity action, the parties had worked out an informal time-sharing arrangement. Despite the agreement and subsequent court order, the trial court found that, "Mother has clearly discouraged the establishment and maintenance of a relationship between the children and Father." The final judgment found Mother resisted allowing Father to participate in making decisions for the parties' children. Text messages entered into evidence also showed a reticence on Mother's part to involve Father in the raising of the children, although Mother justifies her reticence by pointing to Father's history of domestic violence and mental health issues. Given these opposing findings and the inadequate record, we cannot say that the trial court abused its discretion in determining that equal time-sharing is in the best interests of the children. See Bryant v. Bryant, 882 So. 2d 1066, 1066 (Fla. 5th DCA 2004) ("[I]n the absence of an adequate record on appeal, a judgment that is not fundamentally erroneous must be affirmed.").

We do find error, though, in the trial court's application of the child-support guidelines.[5] The trial court refused to deduct Mother's mandatory retirement benefits from her gross income. Section 61.30(3), Florida Statutes (2012), lists the expenses that parents may deduct from their gross income to determine their net income, including "mandatory retirement payments." § 61.30(3)(d), Fla. Stat. According to the trial court, "Mother presented no evidence that [her retirement benefit] payments are, in fact,

---

commitment was a number of years before the birth of either child, and we do not believe it was an abuse of discretion to determine that Father was now capable of caring for the children.

[5] We review de novo a trial court's application of the child-support guidelines to undisputed facts. State, Dep't of Revenue v. Price, 182 So. 3d 782, 782 (Fla. 1st DCA 2015).

4

mandatory." Yet it is undisputed that Mother is a teacher employed by the Brevard County school system; therefore, these payments are mandatory by law. § 121.011(h), Fla. Stat. (2016) (requiring retirement payments for employees of the State of Florida as of 2011); see Scott v. Williams, 107 So. 3d 379, 389-90 (Fla. 2013) (upholding, as constitutional, mandatory contributions by state employees to the retirement system).[6]

Additionally, the court failed to make sufficient findings related to Father's income. The trial court's order credits Father, as a truck driver at his family business, with a gross income of $1200 per month—less than minimum wage, assuming full-time work. The order does not make the required findings on Father's potential earning ability or address whether he is voluntarily underemployed. See Aguirre v. Aguirre, 985 So. 2d 1203, 1207 (Fla. 4th DCA 2008). We reverse the trial court's support award and remand for further proceedings to determine Mother's net income. We also remand for further findings as to Father's probable and potential future earnings.[7]

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

LAWSON, C.J., and BERGER, J., concur.

---

[6] Mother brought this issue to the trial court's attention in her motion for rehearing and even alluded to the Florida Supreme Court's decision in Scott, albeit without a citation. Even if no evidence were presented on this point, the fact that Mother brought the statutory requirement to the trial court's attention is sufficient to require reversal since the court is required to take judicial notice of public statutory law. § 90.201(1), Fla. Stat. (2016).

[7] Mother's remaining arguments either lack merit or cannot be substantiated without a transcript.