# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-844
LT Case Nos. 2019-CF-8662
2019-CF-8663
2019-CF-8797

_____

DEWAYNE FLOWERS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Duval County.
Jeb Branham, Judge.

Matthew J. Metz, Public Defender, and Teresa D. Sutton,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, and Daren L. Shippy,
Assistant Attorney General, Tallahassee, for Appellee.

February 2, 2024


PER CURIAM.

This is an *Anders* appeal.[1] Appellant, Dewayne Flowers, was charged, pled guilty, and was adjudicated guilty of armed robbery (Case No. 2019-CF-8662), a second armed robbery (Case No. 2019-CF-8797), and a third armed robbery and one count of murder in the second-degree (Case No. 2019-CF-8663) ("8663"). He was sentenced in each case and on each count to thirty-five years in prison to be served concurrently. As a special condition of his sentence, he was orally sentenced to serve the mandatory minimum period of ten years in each case as to each count.

The written judgments and sentences track the sentences orally pronounced, with one exception: in 8663, the ten-year mandatory minimum was imposed only as to Count 2 and not as to Count 1. It is clear that the failure to include the ten-year mandatory minimum in 8663 was a clerical or ministerial error, as every person and every other piece of paper referring to the sentences to be imposed specifically stated that Appellant was facing and would be sentenced to the mandatory minimum as part of the thirty-five-year term. We find no error on the face of the record in any manner prejudicial to Appellant and affirm as to the judgments and sentences imposed in the first two listed cases. We affirm the judgment in 8663, but remand for entry of an amended sentencing order in which the ten-year mandatory minimum sentences are imposed as to both Counts 1 and 2 with the same thirty-five years already imposed, all being served concurrently.[2] Appellant does not need to be present for entry of the amended sentencing order. *See Walton v. State*, 106 So. 3d 522, 529 (Fla. 1st DCA 2013) ("[A] defendant need not be present at resentencing if the error to be corrected is 'purely ministerial' or clerical, and involves no exercise of the court's discretion.").

AFFIRMED; REMANDED, for entry of an amended sentencing order.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] *See Buchanan v. State*, 355 So. 3d 543 (Fla. 5th DCA 2023); *Miles v. State*, 343 So. 3d 131, 136 (Fla. 2d DCA 2022).

EDWARDS, C.J., and HARRIS, J., concur.
EISNAUGLE, J., concurring in part, dissenting in part, with opinion.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

EISNAUGLE, J., concurring in part, dissenting in part.

In this *Anders* case, I agree that we must affirm the judgment and sentence. However, I conclude that this court has no authority to sua sponte take up the sentencing error at issue and remand for a corrected sentence. Importantly, the majority concedes that this error does not prejudice Appellant. Instead, remand benefits the government. But the United States Supreme Court has held that, in *Anders* cases, the Constitution requires appellate courts to review the record for reversible error for a *defendant's* benefit, not to benefit the government. *Smith v. Robbins*, 528 U.S. 259, 264 (2000) ("In *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we held that, in order to protect indigent defendants' constitutional right to appellate counsel, courts must safeguard against the risk of granting such requests in cases where the appeal is not actually frivolous."); *see also State v. Causey*, 503 So. 2d 321, 322–23 (Fla. 1987) ("While courts should not assume the role of appellate counsel, reversible error should not be ignored simply because an indigent appellant or a public defender failed to point it out.").

The government did not file a notice of appeal in this case, let alone present this error to us in an initial brief. *Cf. Goings v. State*, 76 So. 3d 975, 980 (Fla. 1st DCA 2011) ("By not raising the point in his initial brief, Mr. Goings waived the argument that the trial court erred in denying his motion to dismiss merely because the prosecution remained pending more than three years beyond the four-year primary limitations period."). In essence, the majority creates a new type of reverse *Anders* review. I find no authority to do so, and therefore dissent from that part of the disposition.

4