# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-0884
_____

MICHAEL KAISER,

Appellant,

v.

CITIZENS PROPERTY INSURANCE
CORPORATION,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
James Lee Marsh, Judge.


November 19, 2025

OSTERHAUS, C.J.

Michael Kaiser had a home and property insurance policy with Citizens Property Insurance Corporation ("Citizens") when a hurricane hit the State of Florida and substantially damaged his Naples property. Kaiser filed a claim and then sued Citizens for failing to timely indemnify him for the damages. Within a few months, Kaiser and Citizens settled the claim for $32,000 and Kaiser signed a full and final release agreement. When Citizens took forty days to send him the settlement payment and failed to include a couple-hundred extra dollars for late-payment interest, Kaiser filed a class action complaint under his insurance policy's "Loss Payment" provision and § 627.4265, Florida Statutes. The Loss Payment provision of the Policy made losses payable within

20 days after the insurer receives a proof of loss and reaches a written agreement with the insured. Section 627.4265 similarly requires insurers to "tender payment according to the terms of the [claim settlement] agreement no later than 20 days after such settlement is reached [or pay] interest at a rate of 12 percent per year."

The circuit court ultimately granted judgment on the pleadings for Citizens on the interest claim mainly because Kaiser alleged a breach of contract only as to the Policy and not as to the release and settlement agreement. The Policy wasn't incorporated into the release and settlement agreement. And because Kaiser released all claims related to his lawsuit, the circuit court concluded that Citizens did not breach the Policy. The court also denied Kaiser's claim for a declaratory judgment, concluding that § 627.4265 doesn't create a private cause of action in the absence of alleging a valid contract claim.

Kaiser reiterates on appeal that Citizens' failure to pay interest on its settlement payment constituted a new breach of contract claim arising from the prompt-payment provision of the Policy. "This Court reviews a trial court's order granting a motion for judgment on the pleadings de novo." *Hines v. Whataburger Restaurants, LLC*, 301 So. 3d 473, 474 (Fla. 1st DCA 2020) (citing *Martinez v. Fla. Power & Light Co.*, 863 So. 2d 1204, 1205 (Fla. 2003)).

The release and settlement agreement entered by the parties on Kaiser's property claim included a robust claim-discharge provision in which Kaiser received $32,000 in return for giving up his right to bring additional claim-related actions against Citizens. The release expressly identified the parties' intention to settle interest claims arising out of the subject insurance claim: "claim handling . . ., as well as *all associated interest*." (Emphasis added.) The agreement proceeded to

> fully, completely, and forever release and discharge Citizens . . . from and against any and all past, present, *and future* losses, liabilities, responsibilities, demands, obligations, . . . *causes of action*, rights, judgments, *interest*, damages, *compensation of any kind* . . . and

claims whatsoever, in law or in equity, *whether based in statute, [or] contract . . .* or any other theories in law . . . which arise out of or relate to the claim(s) or Proceedings[.]

(Emphasis added.) In sum, the release discharged the interest-payment right that Kaiser possessed under the Policy's loss payment provision, which wasn't carried over from the Policy into the new agreement. As a result, any subsequent claim about the timeliness and sufficiency of Citizen's $32,000 payment could only arise from a breach of the release and settlement agreement, which Kaiser did not assert to be the basis for his breach of contract claim here.

Related factors lead us to affirm the circuit court's decision on Kaiser's claim for declaratory relief. Declaratory relief on the issue of whether Citizens breached an implied § 627.4265-timeliness requirement within the Policy is not available here because the terms of the Policy no longer govern this matter. Kaiser broadly settled and released all matters under the Policy "which arise out of or related to the claim(s) or Proceedings." Thus, the circuit court didn't err by ruling that he lacks standing to litigate Citizens' performance of the Policy via a statute-focused declaratory action. *See Moon-Vileno v. Fla. Ass'n of Ct. Clerks*, 383 So. 3d 128, 129 (Fla. 1st DCA 2024) (denying standing to obtain declaratory relief where Appellants lacked a private right of action).

Finally, we acknowledge the last sentence of Kaiser's initial brief that would have us broaden his breach-of-contract claim beyond the terms of the Policy to encompass a breach of the release and settlement agreement as well as a standalone violation of § 627.4265. But it is not proper for the appeals court to pass upon newly hatched legal theories. *See, e.g., Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) (noting the general rule that claims not raised in the trial court will not be considered on appeal). The reply brief was also not the place for Kaiser to raise a new appellate issue involving the denial of leave to amend his complaint. *See Tillery v. Fla. Dep't of Juv. Just.*, 104 So. 3d 1253, 1255–56 (Fla. 1st DCA 2013) (citing *Goings v. State*, 76 So. 3d 975, 980 (Fla. 1st DCA 2011)) ("As we have previously

3

stated, an argument not raised in an initial brief is waived and may not be raised for the first time in a reply brief.").

AFFIRMED.

KELSEY and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Adam Abraham Schwartzbaum of Edelsberg Law, Miami; Scott Adam Edelsberg of Edelsberg Law, Aventura; Andrew John Shamis of Shamis & Gentile, P.A., Miami; Edwin Eliu Elliott of Shamis & Gentile, P.A., Miami; and Michael Alan Cassel of Cassel & Cassel, P.A., Hollywood, for Appellant.

Russell Scott Kent of Citizens Property Insurance Corporation, Tallahassee; Jason Brent Gonzalez of Lawson Huck Gonzalez PLLC, Tallahassee; Raymond Lee Cordova of Lawson Huck Gonzalez PLLC, Tallahassee; and Mathew Daniel Gutierrez of Lawson Huck Gonzalez PLLC, Coral Gables, for Appellee.