**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GREGORY PAUL MCPHERSON,

Petitioner-Appellant,

v.

GARY MIERS, Warden, New Mexico
State Penitentiary; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

Respondents-Appellees.

No. 00-2168
(D.C. No. CIV-99-9-LH/JHG)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding pro se, Gregory McPherson seeks a certificate of appealability in order to pursue this appeal from an order of the district court denying his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254. Because Mr. McPherson has failed to make "a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

Mr. McPherson was convicted of aggravated battery and attempted armed robbery in New Mexico state court. On direct appeal, the New Mexico Court of Appeals affirmed his convictions and the New Mexico Supreme Court denied certiorari.

During the pendency of his direct appeal, Mr. McPherson filed a petition for writ of habeas corpus in the state district court. The state court dismissed the petition. It noted that the New Mexico Court of Appeals, whose decision had recently issued, addressed all of the claims and issues contained in Mr. McPherson's habeas petition. Mr. McPherson then filed a document in the New Mexico Supreme Court, which the Court construed as a request for certiorari under a New Mexico state rule providing for certiorari to the district court from a denial of habeas corpus. The New Mexico Supreme Court denied certiorari, allowing the state district court's dismissal of Mr. McPherson's habeas petition to stand.

Mr. McPherson sought habeas corpus relief from the federal district court. The district court dismissed his first petition without prejudice, because it was a mixed petition containing both exhausted and unexhausted claims. Nine months later, Mr. McPherson filed a second petition for habeas corpus in the district court.[1] A magistrate judge prepared a report and recommendation, which recommended dismissal of the petition. The district court adopted the magistrate judge's report and recommendation and dismissed the petition The district court also denied Mr. McPherson's request for a certificate of appealability.

**Issue A**

In what he designates as Issue A, Mr. McPherson first alleges a violation of New Mexico's speedy trial rule, which requires that a criminal defendant be brought to trial within six months of his arraignment. *See* Rule 5-604B(1) NMRA. Closely related, he also raises a federal constitutional claim, urging that the delay in bringing him to trial violated his right to a speedy trial under the Sixth Amendment.[2]

---

[1] Because Mr. McPherson filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to his appeal. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

[2] Mr. McPherson framed the speedy trial issue somewhat differently before the district court. There he alleged that his trial counsel was ineffective for failing to file a motion seeking dismissal for violation of the six month rule, an issue he again raises on appeal. This court generally will not consider an issue raised for the first time on appeal. *Tele-Comm., Inc. v. Comm'r*, 104 F.3d 1229,

(continued...)

Mr. McPherson's trial was originally scheduled to begin within the statutory six month period.  It was delayed an additional four months due to the emergency hospitalization of the trial judge on the night before trial was to open.  The New Mexico Court of Appeals ruled that the trial judge's illness fit within the good cause exception to the six month rule.  It also applied the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), which govern a speedy trial analysis under the federal constitution.  Under *Barker's* balancing test, the state court found no constitutional violation.  Neither did the federal district court, which examined the same factors through the lens prescribed by AEDPA.  The district court concluded that the state court's ruling was not contrary to, nor did it involve an unreasonable application of, federal law.  *See* 28 U.S.C. § 2254(d).  Based upon our review of the record, we agree with the district court.  We find that, in relying on *Barker*, the state court applied the correct rule of law, that it weighed the *Barker* factors in a reasonable fashion, and that, as a consequence, the delay did not violate Mr. McPherson's right to a speedy trial.

---

[2](...continued)
1232 (10th Cir. 1997).  But viewing Mr. McPherson's pro se petition generously, there is a colorable argument that he did in fact raise the present claim below, though admittedly he did so rather opaquely.

**Issue B**

In Issue B, Mr. McPherson, an African-American, objects to the process by which the administrative office of the state trial court generated a list of potential jurors. He claims that this computer-assisted process was a critical stage of the proceedings that required his presence. He also challenges the entire array of the venire because there was only one African-American juror (who was later excused for cause) among the 35-40 potential jurors chosen, despite that the county in which the trial took place contains a somewhat higher percentage of black citizens.

Relying entirely on state law, the New Mexico Court of Appeals rejected Mr. McPherson's various challenges to the composition of the jury. In doing so, the state court ruled that he failed to show the excusal of the single black juror was improper or otherwise motivated by racial bias.

The federal district reached the same conclusion, finding no violation of Mr. McPherson's federal constitutional rights with regard to any issue related to jury selection. We agree with the district court. A defendant has no right to be present during ministerial acts prior to trial, among them the drawing of jurors by the jury commissioners. *United States v. Bordallo*, 857 F.2d 519, 522 (9th Cir. 1988). Second, there is no requirement that the array of jurors reflect the racial composition of the population. *See Taylor v. Louisiana*, 419 U.S. 522, 538

(1975) ("[W]e impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition . . . .").

**Issue C**

Mr. McPherson claims in Issue C that his trial lawyer was ineffective for failing to file a motion to dismiss for violation of the state six-month rule. The New Mexico Court of Appeals rejected the claim because, it said, any such motion would have been unsuccessful due to the emergency illness and hospitalization of the trial judge, which amounted to good cause for the delay. Thus, the court concluded, Mr. McPherson could not show prejudice, a necessary showing under the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Again, the federal district court reviewed Mr. McPherson's claim under the proper standard of review, and again, we find no error in its analysis.

**Issue D**

Mr. McPherson next raises a series of issues that he has grouped into a collective claim, what he calls Issue D, entitled "Judicial Misconduct; Denial of Access to the Courts; Wrongful Refusal of Writ; Transfer of Prisoner to Avoid Writ; Denial of Due Process in State Habeas Proceeding." Appellant's Br. at 3c.

The district court addressed some of these issues on the merits, others it dismissed as procedurally defaulted.

A procedural default occurs whenever "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In New Mexico, failure to raise an issue on direct appeal waives that issue for purposes of post-conviction relief. *Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998). Such a failure constitutes an adequate and independent state ground for purposes of procedurally defaulting a claim raised in a federal habeas petition. *Id.* at 1318.

Mr. McPherson did not raise either his claim of "wrongful refusal of writ" or his claim of "wrongful transfer of prisoner to avoid writ" on direct appeal. Consequently, he would be barred from presenting these claims to the state court. Nor does he, either in the district court or on appeal, make a showing of "cause" excusing his default and "actual prejudice" resulting from the errors of which he claims, both of which are required to overcome a presumption of dismissal when issues are raised for the first time on collateral attack; nor, alternatively, does he demonstrate a fundamental miscarriage of justice. *See Coleman*, 501 U.S. 750.

-8-

The district court's finding of procedural default with respect to these claims thus is entirely correct.

The district court also ruled that Mr. McPherson procedurally defaulted his claim of a "denial of due process in the state habeas proceeding." It appears, however, that Mr. McPherson did indeed raise this issue in his direct appeal, as well as in his state habeas petition, where he alleged that the trial court wrongly refused to appoint counsel to represent him during the state habeas proceeding. The New Mexico Court of Appeals rejected his claim, noting that the record in fact revealed the appointment of habeas counsel.

Nevertheless, because there is no constitutional right to counsel in state post-conviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), the district court's apparently mistaken belief that the issue was procedurally defaulted is harmless error. Hence, apart from any procedural shortcoming, Mr. McPherson is not entitled to relief on the merits.

Two claims from Mr. McPherson's collective Issue D remain: 1) his allegation that the trial judge made remarks reflecting bias constituting misconduct under New Mexico's Code of Judicial Conduct; and 2) his allegation that he was denied access to the courts by jail personnel, due to a one-time refusal to allow him use of the jail's law library, as well as his related allegation challenging the general adequacy of the jail's law library.

With regard to Mr. McPherson's judicial misconduct claim, the district court correctly ruled that alleged violations of state codes of conduct are not cognizable in federal habeas. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (holding that federal habeas relief is not available to correct errors of state law). And as for his claims regarding access to the law library, as well as its general adequacy, both the state appellate court and the district court properly considered the governing Supreme Court precedent: *Bounds v. Smith*, 430 U.S. 817 (1977) and *Lewis v. Casey*, 518 U.S. 343 (1996). As these cases make clear, "the constitutional obligation to provide inmates access to the courts does not require states to give inmates unlimited access to a law library." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996). The district court added that Mr. McPherson, as he must, failed to point to any actual injury–that is, any way in which the alleged denial of legal resources or the inadequacy of the jail library hindered his effort to pursue a nonfrivolous claim. *See Lewis*, 518 U.S. at 356. We find no error in the district court's analysis or its conclusion.

**Issue E**

Finally, in Issue E, Mr. McPherson alleges that his indictment in the state court was improper and that he was wrongly deprived of a preliminary hearing. He failed to raise either of these issues in his direct appeal. Under New Mexico law, he is therefore barred from litigating them in post-conviction proceedings.

*Jackson*, 143 F.3d at 1318. As the district court recognized, these claims are procedurally defaulted.

**Certificate of Appealability**

To obtain a certificate of appealability, Mr. McPherson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Mr. McPherson has not made such a showing; hence he has failed to meet the statutory requirements for a certificate of appealability.

We therefore DENY Mr. McPherson's request for a certificate of appealability and DISMISS this appeal.

Entered for the Court


Robert H. Henry
Circuit Judge

-11-