EVANDER, J.
Timothy Fletcher pled no contest to trafficking in four grams or more of oxyco-done[1] (Count I) and possession of drug paraphernalia[2] (Count II), specifically reserving the right to appeal the denial of his motion to dismiss on constitutional speedy trial grounds. The trial court accepted Fletcher’s plea and sentenced him to serve three years’ imprisonment as the minimum mandatory sentence on Count I and twen *471 ty-two days’ time served on Count II. On appeal, Fletcher again argues that the State’s post-information delay in bringing him to trial violated his constitutional right to a speedy trial. We disagree.
On March 1, 2010, Fletcher was alleged to have participated in the sale of oxyco-done pills to an undercover law enforcement officer in Osceola County. Five months later, a warrant was issued for Fletcher’s arrest. On November 4, 2010, the State filed an information charging Fletcher with trafficking in oxycodone and possession of drug paraphernalia.
Fletcher was not arrested on the warrant until September 10, 2012, approximately twenty-two months after the filing of the information. A public defender was appointed to represent Fletcher the following day at his initial appearance. However, on October 12, 2012, the public defender withdrew because of a potential conflict and the Office of Regional Conflict Counsel was appointed to represent Fletcher. On November 8, 2012, Fletcher’s counsel filed a notice of appearance, entry of a plea of not guilty, and request for a jury trial.
Trial was scheduled for January 14, 2013. However, at the pretrial conference held on December 18, 2012, Fletcher moved for a continuance of the trial with a waiver of speedy trial. The motion for continuance was granted.
On February 5, 2013, Fletcher filed his motion to dismiss the charges on constitutional speedy trial grounds. At the ensuing evidentiary hearing, Fletcher testified that he had lived continuously at the same residence in Hillsborough County since March 2010, where he had received government benefits. Fletcher did not, however, present evidence as to how his defense would be impaired as a result of the delay in bringing him to trial. The State presented argument, but no evidence, as to its efforts to locate Fletcher subsequent to issuance of the arrest warrant.
The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution. Szembruch v. State, 910 So.2d 372, 375 (Fla. 5th DCA 2005). The guarantee of a speedy trial becomes applicable upon either arrest or filing of the formal charging document, whichever occurs first. Vela v. State, 450 So.2d 305, 306 (Fla. 5th DCA 1984). In Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court set forth four factors to be balanced against each other on a case-by-case basis to determine whether a defendant’s right to constitutional speedy trial has been violated. These factors are: (1) the length of delay; (2) the reason for the delay; (3) the defendant’s assertion of his right to speedy trial; and (4) prejudice to the defendant caused by the delay. Id.
The first factor, the length of delay, is merely a threshold “triggering mechanism.” The court need not inquire into the other factors unless there has been a delay of such length as to be “presumptively prejudicial.” Id. Here, the length of the delay was presumptively prejudicial. See State v. Joyner, 460 So.2d 584, 585 (Fla. 5th DCA 1984) (delay of twenty months between filing of information and issuance of capias and return of defendant from prison was sufficient to trigger presumption of prejudice).
As to the second element, the trial court correctly found that the State’s delay in ascertaining Fletcher’s whereabouts and returning him for trial was a negligent delay. Although a deliberate delay is to be weighted heavily against the government, a negligent delay is “a more neutral reason” and should be weighted less heavily. Barker, 407 U.S. at 531, 92 S.Ct. 2182 (“A more neutral reason such as negli *472 gence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.”).
Balanced against the length of the delay and the reason for the delay was Fletcher’s failure to promptly assert his rights. The trial court correctly observed that Fletcher was represented by counsel for nearly five months before attempting to assert his constitutional right to speedy trial. In Barker; the Court emphasized the need for a defendant to timely assert his right to a speedy trial:
Whether and how a defendant asserts his right is closely related to the other factors we have mentioned. The strength of his efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain. The defendant’s assertion of his speedy trial, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.
407 U.S. at 531-32, 92 S.Ct. 2182.
The fourth factor, prejudice to the defendant, generally involves consideration of three interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. Id. Here, the trial court properly concluded that Fletcher had failed to show actual prejudice:
With respect to prejudice to the defendant, the fourth Barker factor, although prejudice is presumed due to the length of the delay, [Fletcher] presented no particularized evidence as to how his defense will be impaired as a result. In this case, [Fletcher] did not suffer oppressive pretrial incarceration as he was not arrested until [September 10, 2012] (and was released on bond on October 1, 2012). [Fletcher] suffered no undue anxiety and concern over the pending charges as he was presumably unaware of their existence prior to his arrest on [September 10, 2012],
We conclude that in its well-written, detailed order, the trial court properly analyzed and applied the balancing test set forth by the United States Supreme Court in Barker.
AFFIRMED.
TORPY, C.J. and COHEN, J., concur.

. § 893.135(l)(c)l.a., Fla. Stat. (2012).

. § 893.147(1), Fla. Stat. (2012).