KELSEY, J.,
dissents.
I respectfully dissent because this case turns on weighing the evidence under the four factors of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and this weighing process is a core function of a trier of fact that should be left to the trial court’s sound discretion, reviewable only for abuse of that discretion. Barker itself, although not expressly setting forth an appellate standard of review, speaks in terms of the wisdom of allowing the trial court discretion to weigh the factors of each case. Id. at 528-29, 92 S.Ct. 2182 (noting ad-hoc weighing of each case “allows the trial court to exercise a judicial discretion based on the circumstances”). As a general rule in Florida, appellate courts defer to trial courts on questions of credibility of witnesses, resolving factual disputes, and weighing evidence. E.g., Clegg v. Chipola Aviation, Inc., 458 So.2d 1186, 1187 (Fla. 1st DCA 1984) (“It is not our function to reweigh the evidence nor to substitute. our judgment for that of the trial court.”) (quoting Puritz v. Rosen, 442 So.2d 278, 280 (Fla. 4th DCA 1983)). That rule should apply here.
*749 The Fifth District applied this deferential standard of review to the Barker tests, rather than itself re-weighing the evidence, in Fletcher v. State, 143 So.3d 469, 472 (Fla. 5th DCA 2014) (“We conclude that in its well-written, detailed order, the trial court properly analyzed and applied the balancing test set forth by the United States Supreme Court in Barker.’’). Our earlier opinion in another Barker case, Niles v. State, 120 So.3d 658, 662 (Fla. 1st DCA 2013), noted that the trial court there failed to set forth findings of fact or explanation for either its denial of defendant’s motion to dismiss or his motion for reconsideration. We noted that “Ordinarily, we would defer to the trial court’s factual findings that are supported by competent, substantial evidence,” but we applied a de novo standard of review because the trial court failed to set forth any findings of fact or conclusions of law. 120 So.3d at 663-64. Here, in contrast, the trial court conducted a detailed evidentiary hearing, heard argument of counsel, and entered an order setting forth its findings of fact and the weight given to those facts. The facts were supported by competent, substantial evidence. We should review only for abuse of discretion the trial court’s weighing of the evidence under Barker.
Other jurisdictions apply a deferential standard of review to trial courts’ weighing of the Barker factors. See, e.g., McPherson v. Miers, 7 Fed.Appx. 845, 847 (10th Cir.2001) (affirming New Mexico state court’s denial of inmate’s Sixth Amendment claim upon finding that “the state court applied the correct rule of law [and] that it weighed the Barker factors in a reasonable fashion”); State v. Porter, 288 Ga. 524, 705 S.E.2d 636, 640 (2011) (“The trial court’s weighing of each factor and its balancing of all four factors—its ultimate judgment—are reviewed on appeal only for abuse of discretion.”); Jenkins v. State, 947 So.2d 270, 278 (Miss.2006) (affirming trial court’s weighing of Barker factors because “[t]he trial court was well within its discretion in finding that the four Barker factors favored the State”); State v. Selvage, 80 Ohio St.3d 465, 687 N.E.2d 433, 437 (1997) (“There is no indication that the trial court abused its discretion in applying the [Barker ] test and making its determination, and that determination will be accorded due deference.”). The proper appellate standard of review under Barker is an important issue that the Florida Supreme Court should review and resolve. On the specific facts of this case, I would not reweigh the evidence and I would affirm the trial court’s order denying Defendant’s motion to dismiss the charges against him.
In 2005, Defendant, on parole in Georgia, was charged by information with armed burglary, home invasion robbery, grand theft, and false imprisonment in Alachua County, Florida. The allegations against him are as follows. He intended to steal a high-visibility customized car parked at the house that he broke into, but needed the key to the anti-theft device attached to the steering wheel. Upon entering the house while carrying a gun, he encountered three young boys, ages 3, 10, and 14, who were home alone. He tore up a sheet, tied them up, and placed them in a bedroom while he waited for ah adult to come home. When the mother of one of the boys arrived home with her seven-month-old baby, Defendant tied up the mother as well, later releasing her when the baby would not stop crying. He later tied up another teenage boy who came by the house. Over three hours after first entering the house, he ultimately got the keys from the man of the house under threat of the gun. He was charged with grand theft of the car along with jewelry and a gun, in addition to false imprisonment. On the sheriffs sworn complaint, an information and arrest warrant were issued promptly. The warrant was not *750 executed at that time, however, because Defendant was incarcerated in a Georgia prison within days after filing of the information and arrest warrant on the Florida charges. Defendant was taken into Florida custody on these charges upon his release- from Georgia prison eight years later, and Defendant ultimately entered a plea of no contest to the Florida charges, reserving his right to appeal the disposition of his motions to dismiss.
The fundamental reason for the State’s delay in bringing Defendant to trial in Florida was his eight-year incarceration in Georgia that commenced within days after issuance of the Florida warrant. Florida is within its rights to allow individuals in this situation to serve out their terms in other jurisdictions before trying them on their Florida charges. See § 775.15(5), Fla. Stat. (2004) (providing that statute of limitations is tolled as to a defendant who has been “timely charged by indictment or information or other charging document and who has not been arrested due to his or her absence from this state or has not been extradited for prosecution from another state”). While the statute of limitations and constitutional speedy trial considerations are independent legal inquiries, the Florida statute making an incarceration delay reasonable is presumptively constitutional. Two of our sister courts have held on analogous facts that delays in prosecution due to incarceration or absence from Florida are not unreasonable delays. State v. Soebhag, 163 So.3d 672, 673-74 (Fla. 2d DCA 2015); State v. Paulk, 946 So.2d 1230, 1231 (Fla. 4th DCA 2007). Neither of these two cases addressed whether the “not unreasonable delay” could nevertheless constitute a violation of constitutional speedy trial rights. This issue also merits supreme court review, but on its face it favors affirming the trial court.
It is undisputed that Defendant had actual knowledge of the Florida charges. While it is true that this record does not contain a detainer on Defendant, circumstantial evidence in the record fairly strongly suggests that a detainer was filed. If the trial court and the parties had placed the same weight on the detainer that the majority has done here, the State’s efforts to produce a copy of a de-tainer may- have been fruitful. The evidence indicated that the State habitually filed detainers under these circumstances and believed it had filed one here. The record contains correspondence from the sheriff requesting Defendant’s information from the prosecutor, suggesting that a de-tainer was being prepared. Florida was able to pick up Defendant immediately upon his release from Georgia prison, and therefore had to have been aware of his release date and operating under specific authority to take him into custody in another jurisdiction. Also relevant to the analysis, once in custody in Florida, Defendant signed a waiver of speedy trial, reserving his legal arguments arising out of the lack of prosecution during his Georgia incarceration; and then never filed a notice of expiration of speedy trial or a demand for speedy trial, and delayed for over a year in setting a hearing on his motion asserting prosecutorial delay—acts that were his responsibility to pursue. Given this evidence, the trial court’s weighing of the delay factor was not unreasonable and not an abuse of discretion.
The trial court likewise was within its discretion to weigh the Barker prejudice factors as it did. Defendant argued for an alibi defense in part on the basis of his having been in Georgia buying a car at “Johnny’s” when these crimes were committed. He claimed he was with his them wife and his sister, but did not want to call them as alibi witnesses because they both had felony criminal records that would un *751 dermine their credibility. Instead, he wanted to call Johnny, but Johnny could not be located at the time; and thus he argued that, assuming Johnny would be unavailable, he was prejudiced. However, Defendant was not without evidence to support this alibi argument. He presented a sales receipt from Johnny’s dated the day of the crimes. He presented no evidence that Johnny would be a favorable witness or that he would even recall one individual present on the sales lot with others on any given day, let alone that specific day and time. Defendant’s reluctance to call his felonious relatives to testify was not chargeable against 'the State. The trial court’s weighing of this issue against Defendant was not unreasonable and not an abuse of discretion.
The trial court’s weighing of Defendant’s second alibi argument likewise was within the court’s discretion. Defendant claimed he had a look-alike who was using his identification on the date of the crimes. He argued he would be unable to prove that alibi by relying on the look-alike’s arrest in Missouri because evidence in possession of Georgia authorities related to the Missouri arrest had been destroyed, but Defendant did not show that the alibi defense was credible or that it could not be established by means other than Georgia’s records.
The trial court also reasonably and correctly concluded that the State’s negligent destruction of physical evidence from the case—the sheet used to tie up the victims, the stolen jewelry and gun, and the photographic line-up from which five eye-witnesses identified Defendant promptly after the crimes occurred—was unfortunate, but not the result of bad faith and therefore not a due process violation or a factor to be weighed against the State. The State retained photographs of the jewelry, the gun, and the photo arrays. Defendant made no showing that the sheets would contain any DNA evidence at all, nor that it was likely any such evidence would be exculpatory rather than merely potentially useful. Witnesses had identified the stolen jewelry and the stolen gun as theirs. Defendant has conceded on appeal that under current and controlling United States Supreme Court precedent, this Court must affirm on this factor. See Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); California v. Trombetta, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Given this authority and this concession by Defendant, we are not at liberty to reweigh the trial court’s treatment of this evidence, which would not in any event constitute an abuse of discretion.
Comparing the majority and dissenting opinions demonstrates that reasonable minds can differ on how to weigh the Barker factors on this record. In my view we should apply the abuse of discretion standard of review to this classic weighing-of-evidence function and affirm the trial court’s order denying Defendant’s motion to dismiss, thus upholding Defendant’s judgment and sentence.